FIDELITY & COLUMBIA TRUST COMPANY, EXECUTOR AND TRUSTEE OF EWALD, *v.* CITY OF LOUISVILLE.

## ERROR TO THE COURT OF APPEALS OF THE STATE OF KENTUCKY.

No. 424. Argued October 16, 17, 1917.—Decided November 5, 1917.

A person domiciled in Kentucky carried on a business in Missouri and deposited in bank in the latter State moneys derived from the business, but not used in it, and belonging absolutely to him. The resulting credits—ordinary bank accounts not represented by certificates and subject to his order only—were included by Kentucky authorities in assessing his taxes in that State. *Held,* that the tax, whether considered as a tax on property or as a tax on the individual measured by property, was within the power of the State imposing it.

A state court's decision does not deprive the complaining party of the equal protection of the laws merely because it departs from decisions made by the court in earlier cases.

168 Kentucky, 71; 171 Kentucky, 509; 172 Kentucky, 451, affirmed.

THE case is stated in the opinion.

*Mr. William W. Crawford* for plaintiff in error:

Taxing property whether tangible or intangible not located within the taxing district violates the Fourteenth Amendment to the United States Constitution. *Louisville & Jeffersonville Ferry Co.* v. *Kentucky,* 188 U. S. 385; *Union Transit Co.* v. *Kentucky,* 199 U. S. 194; *Foreign-held Bonds,* 15 Wall. 300.

Bank deposits growing out of business done in a State have a situs there and nowhere else. *Commonwealth* v. *R. G. Dun & Co.,* 126 Kentucky, 111; *Commonwealth* v. *Peebles,* 134 Kentucky, 121, 134; *Commonwealth* v. *West India Oil Refining Co.,* 138 Kentucky, 828; *Commonwealth* v. *Ky. Distilleries & Warehouse Co.,* 143 Kentucky,

314; *Hillman L. & L. Co.* v. *Commonwealth,* 148 Kentucky, 331; *Commonwealth* v. *B. F. Avery & Sons,* 163 Kentucky, 829.

Intangible property may acquire a business situs apart from the domicile of the owner and be taxable there and nowhere else. See cases cited above. *Adams Express Co.* v. *Ohio,* 166 U. S. 218, 223; *Lou. & Jeff. Ferry Co.* v. *Kentucky,* 188 U. S. 397; *Selliger* v. *Kentucky,* 213 U. S. 205; *New Orleans* v. *Stempel,* 175 U. S. 313; *Metropolitan Life Ins. Co.* v. *New Orleans,* 205 U. S. 395; *Wheeler* v. *New York,* 233 U. S. 434.

Judicial decisions come within the prohibition of the "equal protection" clause. *Yick Wo* v. *Hopkins,* 118 U. S. 356; *Ex parte Virginia,* 100 U. S. 339, 347; *Blake* v. *McClung,* 172 U. S. 239, 260.

The Kentucky Court of Appeals having, both before and after the decision of this case, held that § 4020, Kentucky Statutes, does not apply to bank deposits having a business situs outside of Kentucky, can not apply it to the bank deposits here. *Commonwealth* v. *West India Co.,* 138 Kentucky, 828; *Commonwealth* v. *Prudential Life Ins. Co.,* 149 Kentucky, 380, 385; *Commonwealth* v. *B. F. Avery & Sons,* 163 Kentucky, 828.

*Mr. Pendleton Beckley* and *Mr. George Cary Tabb,* with whom *Mr. Stuart Chevalier* was on the brief, for defendant in error:

Under the circumstances the principle of *mobilia sequuntur personam* applies, and the taxable situs of these deposits was Louisville, Kentucky. *Egan* v. *Hart,* 165 U. S. 188; *Board of Assessors* v. *New York Life Ins. Co.,* 216 U. S. 515; *Pacific Coast Savings Society* v. *San Francisco,* 133 California, 14; *Pyle* v. *Brennemann,* 122 Fed. Rep. 787; *Pendleton* v. *Commonwealth,* 110 Virginia, 229; *State* v. *Clement National Bank,* 84 Vermont, 167; *State* v. *Tennessee Coal, Iron & R. R. Co.,* 94 Tennessee, 295.

The amount and character of business done in St. Louis, as compared with the amount and character of business done in Louisville, were such as to make the "business situs" of these deposits in Louisville rather than in St. Louis.

Money on deposit must either arise out of business done within the State with the residents thereof or be under the control of a local agent, if it is to acquire a "business situs." *New Orleans* v. *Stempel*, 175 U. S. 309; *Bristol* v. *Washington County*, 177 U. S. 133; *Metropolitan Life Ins. Co.* v. *New Orleans*, 205 U. S. 395; *Liverpool, London & Globe Ins. Co.* v. *Board of Assessors*, 221 U. S. 346; *Walker* v. *Jack*, 88 Fed. Rep. 576; *Bluefield's Banana Co.* v. *New Orleans Board of Assessors*, 49 La. Ann. 43.

Cases involving taxes on franchises and on tangible property are distinguishable from the case at bar. *Adams Express Co.* v. *Ohio*, 166 U. S. 218; *Louisville & Jeffersonville Ferry Co.* v. *Kentucky*, 188 U. S. 397; *Union Refrigerator Transit Co.* v. *Kentucky*, 199 U. S. 202; *Delaware, L. & W. R. R. Co.* v. *Pennsylvania*, 198 U. S. 357.

As to the contention that the deposits were permanent deposits, it has never been held that the mere presence of a deposit in a State gives that State a right to levy a "property tax" upon it, no matter how long continued. *Buck* v. *Beach*, 206 U. S. 392; *Commonwealth* v. *Northwestern Mutual Life Ins. Co.*, 32 Kentucky, 796; *Wheeler* v. *Sohmer*, 233 U. S. 434.

This court has never held that intangible property, such as is involved here, could not be taxed by the State of the domicile of the owner, even though another State might have imposed a tax. *Kirtland* v. *Hotchkiss*, 100 U. S. 491; *Union Refrigerator Transit Co.* v. *Kentucky*, 199 U. S. 194; *Southern Pacific* v. *Kentucky*, 222 U. S. 63; *Adams Express Co.* v. *Ohio*, 166 U. S. 218; *Louisville & Jeffersonville Ferry Co.* v. *Kentucky*, 188 U. S. 397.

Two States may levy an inheritance tax upon the same

property. *Blackstone* v. *Miller*, 188 U. S. 189; *Coe* v. *Errol*, 116 U. S. 517.

The fact that state decisions may be inconsistent raises no federal question. *Lombard* v. *Chicago Park Commissioners*, 181 U. S. 33.

Kentucky decisions have been consistent throughout in upholding taxes following the rule of intangible property.

The city is entitled to recover the amounts of the tax bills herein, irrespective of the taxing situs of the money in St. Louis. Section 2996, Kentucky Statutes; *City of Louisville* v. *Courier Journal Co.*, 140 Kentucky, 644; *Bell's Trustee* v. *City of Lexington*, 120 Kentucky, 199; *Security Trust & S. V. Co.* v. *Lexington*, 203 U. S. 323.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is a suit brought by the City of Louisville, Kentucky, to recover annual taxes for the years 1907 and 1908 in respect of personal property omitted from the original assessments to the owner L. P. Ewald in his lifetime. The facts as simplified for the purposes of argument here are that Ewald was domiciled in Louisville but continued to carry on a business in St. Louis, Missouri, where he formerly had lived. Deposits coming in part if not wholly from this business were made and kept in St. Louis banks subject to Ewald's order alone. They were not used in the business and belonged absolutely to him. The question is whether they could be taken into account in determining the amount of his Louisville tax. It would seem that some deposits were represented by certificates of deposit but it was stated at the argument that no point was made of that. See *Wheeler* v. *Sohmer*, 233 U. S. 434, 438. We are to take it that all the sums are to be dealt with as ordinary bank accounts. The decision of the state court upheld the tax. 168 Kentucky, 71. 171 Kentucky, 509. 172 Kentucky, 451.

So far as the present decision is concerned we may concede without going into argument that the Missouri deposits could have been taxed in that State, under the decisions of this court. *Liverpool & London & Globe Ins. Co.* v. *Orleans Assessors*, 221 U. S. 346, 354. *Metropolitan Life Ins. Co.* v. *New Orleans*, 205 U. S. 395. But liability to taxation in one State does not necessarily exclude liability in another. *Kidd* v. *Alabama*, 188 U. S. 730, 732. *Hawley* v. *Malden*, 232 U. S. 1, 13. The present tax is a tax upon the person, as is shown by the form of the suit, and is imposed, it may be presumed, for the general advantages of living within the jurisdiction. These advantages, if the State so chooses, may be measured more or less by reference to the riches of the person taxed. Unless it is declared unlawful by authority we see nothing to hinder the State from taking a man's credits into account. But so far from being declared unlawful, it has been decided by this court that whether a State shall measure the contribution by the value of such credits and choses in action, not exempted by superior authority, is the State's affair, not to be interfered with by the United States, and therefore that a State may tax a man for a debt due from a resident of another State. *Kirtland* v. *Hotchkiss*, 100 U. S. 491. See also *Tappan* v. *Merchants' National Bank*, 19 Wall. 490.

It is true that the decision in *Kirtland* v. *Hotchkiss*, concerned Illinois bonds, and that if they were physically present in the taxing State, Connecticut, a special principle might apply, as explained in *Wheeler* v. *Sohmer*, 233 U. S. 434, 438. See *Commissioner of Stamps* v. *Hope*, [1891], A. C. 476, 481; Dicey, Confl. of Laws, 2d ed., 312. But the decision was not made to turn upon such considerations; indeed its reasoning hardly is reconcilable with them or with anything short of a general rule for all debts. It is argued that in a later case this court has held the power of taxation not to extend to chattels perma-

nently situated outside the jurisdiction although the owner was within it; *Union Refrigerator Transit Co.* v. *Kentucky,* 199 U. S. 194; and that the power ought equally to be denied as to debts depending for their validity and enforcement upon a jurisdiction other than that levying the tax. But this court has not attempted to press the principle so far and there is opposed to it the long established practise of considering the debts due to a man in determining his wealth at his domicile for the purposes of this sort of tax.

The notion that a man's personal property upon his death may be regarded as a *universitas* and taxed as such, even if qualified, still is recognized both here and in England. *Bullen* v. *Wisconsin,* 240 U. S. 625, 631. *Eidman* v. *Martinez,* 184 U. S. 578, 586. *Attorney-General* v. *Napier,* 6 Exch. 217. It has been carried over in more or less attenuated form to living persons, and the general principle laid down in *Kirtland* v. *Hotchkiss, supra,* has been affirmed or assumed to be law in every subsequent case. *Bonaparte* v. *Appeal Tax Court,* 104 U. S. 592. *Pullman's Palace Car Co.* v. *Pennsylvania,* 141 U. S. 18, 29, 31. *Savings & Loan Society* v. *Multnomah County,* 169 U. S. 421, 431. *New Orleans* v. *Stempel,* 175 U. S. 309, 321. *Liverpool & London & Globe Ins. Co.* v. *Orleans Assessors,* 221 U. S. 346, 355, 356. It was admitted to apply to debts in *Union Refrigerator Transit Co.* v. *Kentucky,* 199 U. S. 194, 205. It is unnecessary to consider whether the distinction between a tax measured by certain property and a tax on that property could be invoked in a case like this. *Flint* v. *Stone-Tracy Co.,* 220 U. S. 107, 146, 162 *et seq.* Whichever this tax technically may be, the authorities show that it must be sustained.

It is said that the plaintiff in error has been denied the equal protection of the laws because, if the argument is correct, which we have not considered, the decision in this case is inconsistent with earlier decisions of the Ken-

tucky court. But with the consistency or inconsistency of the Kentucky cases we have nothing to do. *Lombard* v. *West Chicago Park Commissioners*, 181 U. S. 33, 44, 45. We presume that like other appellate courts the Kentucky Court of Appeals is free to depart from precedents if on further reflection it thinks them wrong.

.                                  *Judgment affirmed.*

The CHIEF JUSTICE dissents.