Newman, J.
The only question raised by the demurrer to the petition is whether or not the money of The Cleveland & Western Coal Company, on deposit in the First National Bank of Milwaukee, Wisconsin, is subject to taxation in Ohio. *17 If it is, it is taxable in Cuyahoga county, where the principal place of business of the company is located, and the court of appeals did not err in denying the relief asked for by plaintiff in error.
Section 5328, General Code, is as follows: “All real or personal property in this state, belonging to individuals or corporations, and all moneys, credits, investments in bonds, stocks, or otherwise, of persons residing in this state, shall be subject to taxation, except only such property as may be expressly exempted therefrom. Such property, moneys, credits, and investments shall be entered on the list of taxable property as prescribed in this title.”
Under the provisions of this section all real and personal property in this state belonging to individuals and corporations is subject to taxation, as are all moneys, credits, investments in bonds, stocks, or otherwise, of persons residing in this state. Section 4, Article XIII of the Constitution, requires that the property of corporations, now existing or hereafter created, shall forever be subject to taxation, the same as the property of individuals, and Section 5320, General Code, provides that the word “Person” shall include firms, companies, associations and corporations.
It is urged by counsel for plaintiff in error that bank deposits are to be regarded for taxation purposes as tangible property. If this be true, a deposit in a bank outside the state acquires a situs in the state where the bank is located, and is subject to be taxed there irrespective of the domicile of the owner, and an attempt on the part of this *18 state to tax such property would amount to a deprivation of property without due process of law within the purview of the 14th Amendment to the Constitution of the United States. (Union Refrigerator Transit Co. v. Kentucky, 199 U. S., 194.) Counsel in support of the claim that a bank deposit is tangible property cite Section 5326, General Code, where it is enacted that the term “money or moneys” as used in that chapter of the General Code includes among other things a deposit in a bank which the person owning is entitled to withdraw in money on demand.
It is true that the general assembly has designated what shall be money for taxation and listing purposes, but it has nowhere declared that money on deposit in bank to the general credit of a depositor is tangible property. Money received by a bank on deposit becomes the property of the bank, and its relation to the depositor is that of debtor, and not of bailee or trustee of the money. (Bank v. Brewing Co., 50 Ohio St., 152.) It is a debt which the bank owes to the depositor and is intangible in its nature, and for the-purposes of taxation its situs is the residence of the creditor, and not that of the debtor.
But counsel insist that even though it be held that a bank deposit is intangible property, and under the provisions of Section 5328 subject to taxation in Ohio in the case of an individual residing in this state, yet these provisions have no application to the case of a corporation. They say that Section 5404, General Code, controls, and that money and credits outside the state, belonging to *19 a corporation, are not subject to taxation in Ohio. Section 5404 is as follows:
“The president, secretary, and principal accounting officer of every incorporated company, except banking or other corporations whose taxation is specifically provided for, for whatever purpose they may have been created, whether incorporated by a law of this state or not, shall list for taxation, verified by the oath of the person so listing, all the personal property thereof, and all real estate necessary to the daily operations of the company, moneys and credits of such company or corporation within the state, at the true value in money.”
It is said that inasmuch as the words “within the state” as used in this section qualify and refer to “personal property,” “real estate,” “moneys” and “credits,” the only moneys and credits of a corporation, domestic or foreign, that are subject to taxation in Ohio, are those actually in this state. As we have held, money on deposit in bank is intangible property; and if Section 5404, supra, should be construed so as to exempt from taxation debts due to a corporation residing in this state, it would be in conflict with the provisions of Section 2, Article XII of the Constitution. This section provides among other things that laws shall be passed taxing by a uniform rule, all moneys, credits, investments in bonds, stocks, joint stock companies, or otherwise. This mandate of the constitution requiring uniformity in taxation implies equality in the burden of taxation, and to tax an individual residing in Ohio on account of his bank deposits in another state, and exempt therefrom a resident cor *20 poration, would be plainly a lack of uniformity. We think that Section 5404 was enacted primarily for the purpose of providing a method for the return for taxation of the property of corporations. It is true that this section does provide for the taxing of certain property of corporations within this state, yet it does not follow that it was the intention of the general assembly to exempt from taxation intangible property without the state belonging to a corporation organized under the laws of Ohio. If the construction contended for by counsel were to be given to Section 5404, it would repeal by implication the provisions of Section 5328 which provide for the taxing of all moneys and credits of persons residing in this state, individuals and corporations alike. It is well understood that repeals by implication are not favored, and, where two-affirmative statutes exist, one is not to be construed to repeal the other by implication unless they can be reconciled by no mode of interpretation. (Dodge v. Gridley, 10 Ohio, 173.) We cannot adopt the construction urged by counsel and exempt from taxation the bank deposits and credits outside of this state belonging to an Ohio corporation.
In a recent case decided by the supreme court of the United States, questions similar to the ones presented by counsel here were considered by the court, and the holding was that the deposits in a bank in Missouri, owned by a resident of Kentucky, are taxable at the owner’s domicile even though also taxable in- Missouri, whether the tax imposed at the owner’s domicile was one on the property or one on the owner measured by the *21 property. Fidelity & Columbia Trust Co. v. City of Louisville, Kentucky, 245 U. S., 54.
Our conclusion is that the money of plaintiff in error deposited in the bank at Milwaukee, Wisconsin, is subject to taxation in Cuyahoga county, and that the court of appeals was correct in sustaining the demurrer to the petition.

Judgment affirmed.

Nichols, C. J., Wanamaker, Jones, Matthias, Johnson and Donahue, JJ.,' concur.