# CREAM OF WHEAT COMPANY v. COUNTY OF GRAND FORKS, IN THE STATE OF NORTH DAKOTA.

## ERROR TO THE SUPREME COURT OF THE STATE OF NORTH DAKOTA.

No. 302. Argued April 29, 1920.—Decided June 1, 1920.

A State may tax a domestic corporation on the excess of the market value of its outstanding stock over the value of its real and personal property and certain indebtedness, although the corporation does no business within the State and has there no tangible real or personal property nor any papers by which intangible property is customarily evidenced; and it is immaterial whether the tax be considered a franchise or a property tax. P. 328.

The limitation of the Fourteenth Amendment upon the power of a

State to tax the property of its residents which has acquired a permanent situs outside the State does not apply to intangible property even though it has acquired a "business situs" and is taxable in another State. P. 329.

The Fourteenth Amendment does not prevent double taxation. P. 330.

170 N. W. Rep. 863, affirmed.

THE case is stated in the opinion.

*Mr. Harry S. Carson* and *Mr. Rome G. Brown*, with whom *Mr. Arnold L. Guesmer* and *Mr. Edwin C. Brown* were on the briefs, for plaintiff in error.

*Mr. Albert E. Sheets, Jr.*, Assistant Attorney General of the State of North Dakota, and *Mr. George E. Wallace*, with whom *Mr. William Langer*, Attorney General of the State of North Dakota, was on the brief, for defendant in error.

MR. JUSTICE BRANDEIS delivered the opinion of the court.

By the statutes of North Dakota, as construed by the Supreme Court of the State, a manufacturing corporation organized under its laws is taxed in the following manner: Its real and personal property within the State is assessed like that of an individual. In addition there is assessed against it an amount equal to the aggregate market value of its outstanding stock less the value of its real and personal property and certain indebtedness. The corporation in submitting its list of property for purposes of taxation is required to enter this additional amount as "bonds and stocks" under item 23 in the prescribed statutory schedule. On this additional amount, as upon the value of its real and personal property, the corporation is taxed at the same rate and in the same manner as individuals are upon their property. The statute does not in terms impose a franchise tax as distinguished, or separated, from a tax on personal property, but the Supreme Court of

the State construes the tax upon this additional amount as "in substance or effect, to some degree at least, a tax upon the privilege of being a corporation; " or, in other words, a tax upon the corporate franchise granted it by the State. Individuals are not required to include in their lists of taxable property any share or portion of the capital stock or property of any corporation which such corporation is required to list. Compiled Laws of North Dakota for 1913, §§ 2110, 2103, 2102, 2077. *Grand Forks County* v. *Cream of Wheat Co.,* 170 N. W. Rep. 863.

The Cream of Wheat Company was incorporated under the laws of North Dakota after the enactment of the tax legislation above described and it maintained throughout the years 1908 to 1914, both inclusive, a public office in the City of Grand Forks in said State for the transaction of its usual and corporate business. Its manufacturing, commercial and financial business was conducted wholly without the State; and it had not at any time during any of those years within the State either any tangible property real or personal or any papers by which intangible property is customarily evidenced. Its property, as distinguished from its franchise, is alleged to have been taxed in States other than North Dakota. In 1914 the officials of North Dakota assessed against the company in the manner prescribed by law for each year from 1908 to 1913, both inclusive, a tax at the uniform rate on the sum of $50,000, as representing personal property, to wit, "bonds and stocks," which had escaped taxation. They also assessed a similar tax for the then current year. The taxes not being paid, this action was brought in a state court for the amount; and the facts above stated were proved. The trial court entered judgment for the defendant; but its judgment was reversed by the Supreme Court of the State which entered judgment for the county for the full amount of the taxes. The case is here on writ of error under § 237 of the Judicial Code.

The company concedes that the State of North Dakota might constitutionally have imposed a franchise tax upon a corporation organized under its laws even though it had no property within the State. The contentions are that the Supreme Court of North Dakota erred in holding that the tax here in question was a franchise tax; that it was in reality a property tax upon intangible property; that the company's intangible property must be deemed to have been located where its tangible property was; and that in taxing property beyond its limits North Dakota violated rights guaranteed by the Fourteenth Amendment. The view which we take of the matter renders it unnecessary to consider the question whether or not the law under discussion imposed a franchise tax or a property tax. Compare *Hamilton Company* v. *Massachusetts*, 6 Wall. 632; *Commonwealth* v. *Hamilton Manufacturing Co.*, 12 Allen, 298. The view also renders it unnecessary to consider whether the company having been incorporated in North Dakota after the enactment of the law in question is in a position to complain. Compare *Interstate Consolidated Street Ry. Co.* v. *Massachusetts*, 207 U. S. 79, 84; *International & Great Northern Ry. Co.* v. *Anderson County*, 246 U. S. 424, 433; *Corry* v. *Baltimore*, 196 U. S. 466.

The company was confessedly domiciled in North Dakota; for it was incorporated under the laws of that State. As said by Mr. Chief Justice Taney, "It must dwell in the place of its creation, and cannot migrate to another sovereignty." *Bank of Augusta* v. *Earle*, 13 Pet. 519, 588. The fact that its property and business were entirely in another State did not make it any the less subject to taxation in the State of its domicile. The limitation imposed by the Fourteenth Amendment is merely that a State may not tax a resident for property which has acquired a permanent situs beyond its boundaries. This is the ground on which the ferry franchise involved in *Louisville & Jeffersonville Ferry Co.* v. *Kentucky*,

188 U. S. 385 (an incorporeal hereditament partaking of the nature of real property)[1] and the tangible personal property permanently outside the State involved in *Delaware, Lackawanna & Western R. R. Co.* v. *Pennsylvania,* 198 U. S. 341, and *Union Refrigerator Transit Co.* v. *Kentucky,* 199 U. S. 194, were held immune from taxation by the States in which the companies were incorporated. The limitation upon the power of taxation does not apply even to tangible personal property without the State of the corporation's domicile if, like a sea-going vessel, the property has no permanent situs anywhere. *Southern Pacific Co.* v. *Kentucky,* 222 U. S. 63, 68. Nor has it any application to intangible property, *Union Refrigerator Transit Co.* v. *Kentucky, supra,* p. 205; *Hawley* v. *Malden,* 232 U. S. 1, 11, even though the property is also taxable in another State by virtue of having acquired a "business situs" there, *Fidelity & Columbia Trust Co.* v. *Louisville,* 245 U. S. 54, 59. As stated in that case: "It is unnecessary to consider whether the distinction between a tax measured by certain property and a tax on that property could be invoked in a case like this. *Flint* v. *Stone Tracy Co.,* 220 U. S. 107, 146, 162, *et seq.* Whichever this tax technically may be, the authorities show that it must be sustained."

Counsel for the company direct our attention to cases like *Adams Express Co.* v. *Ohio,* 165 U. S. 194, 227; 166 U. S. 185, which hold that a State may tax a foreign corporation not only on the value of its tangible property within the State but also on that proportion of its entire

---

[1] See *Hawley* v. *Malden,* 232 U. S. 1, 12; *Bowman* v. *Wathen,* 2 McLean, 376; *Lewis* v. *Gainesville,* 7 Alabama, 85; *Dundy* v. *Chambers,* 23 Illinois, 369; *The Queen* v. *Cambrian Ry. Co.,* L. R. 6 Q. B. 422. Compare *Thompson* v. *Schenectady Ry. Co.,* 124 Fed. Rep. 274. The "franchise" referred to in *Home Insurance Co.* v. *New York,* 134 U. S. 594, 601, as personal property, consisted in the right to do business as a corporation, see p. 599.

intangible property which is fairly represented by and must be included, in order to place a just value on the tangible property located and the business transacted there. The conclusion drawn by them is that the situs of the intangible property must be with the tangible; otherwise, they say, we must hold that it is in two places at once and that it may be subjected to double taxation. To this it is sufficient to say that the Fourteenth Amendment does not prohibit double taxation. *Coe* v. *Errol,* 116 U. S. 517, 524; *Kidd* v. *Alabama,* 188 U. S. 730, 732; *Fidelity & Columbia Trust Co.* v. *Louisville, supra.*

*Affirmed.*