ENTRY
This cause and matter came on to be heard upon the appeal of the appellant, above named, filed herein under date of April 26, 1941, from corrected assessment certificates made by the Tax Commissioner under date of March 25, 1941, assessing as credits the current accounts and notes receivable 'of the appellant for the tax years 1939 and 1940, respectively. Said cause was heard upon said appeal, upon the tax returns and other files of the Tax Commissioner relating to said tax assessments, upon the evidence and stimulations of fact introduced and submitted on the hearing of the case, and upon the arguments and briefs of counsel.
On consideration of the case so heard and submitted, the Board of Tax Appeals finds that on March 31, 1939, and thereafter on March 29, 1940, the appellant, an Ohio corporation having its principal office in the City of Toledo, Ohio, filed with the Tax Commission of Ohio and the Tax Commissioner, respectively, its intangible and personal property tax returns for the years 1939 and 1940; in which tax returns the appellant listed the aggregate amounts of its current accounts and notes receivable for each of said tax years arising out of business conducted by the appellant within and without the State of Ohio. As to this the Board finds that in and by its tax return for the year 1939 the appellant listed as intangible property taxable in Ohio accounts and notes receivable in the aggregate amount of $360,649.79; and in and by said tax return the appellant listed as intangible property not taxable in Ohio accounts and notes receivable in the aggregate amount of $161,719.63. In and by its tax return for the year 1940 the appellant listed as intangible property taxable in Ohio accounts and notes receivable in the aggregate amount of $391,337.25; and in and by said tax return the appellant listed as intangible property not taxable in Ohio accounts and notes receivable in the aggregate amount of $197,031.80. The accounts and notes receivable which the appellant in its said tax returns allocated out of Ohio and as intangi *483 ble property not taxable in this state, accrued to the appellant irom the sale of goods and merchandise, to wit, dental supplies and equipment, from storerooms and other places of business of the appellant in the states of Indiana and Michigan. On audit of appellant’s tax returns the Tax Commissioner in determining and assessing the taxable credits of appellant for the years 1939 and 1940, respectively, allocated all of appellant’s said accounts and notes receivable to the State of Ohio for purposes of taxation, including those which accrued to the company in the sale of its goods and merchandise from storerooms and other places of business in the States of Indiana and Michigan. And on such audit the Tax Commissioner made and issued a corrected tax assessment for each of said years and included therein all of said accounts and notes receivable as intangible property having a taxable situs in the State of Ohio. From the assessment certificates so made by the Tax Commissioner allocating to the State of Ohio for purposes of taxation for the years 1939' and 1940, respectively, the accounts and notes receivable aforesaid accruing to the appellant on the sale of its goods and merchandise from stores and other places of business of the appellant in said States of Indiana and Michigan, the appellant on April 26, 1941, and within the time prescribed by law, filed its said appeal with the Board of Tax Appeals.
On consideration of said appeal and of the facts presented on the hearing and submission of this ease, the Board finds and determines that in so far as the constitutional requirement of due process of law in the taxation of intangible property is concerned, the receivables which accrued to the appellant from the sale of its property from its branch offices, storerooms and. other places of business in the-States of Indiana and Michigan, were, as intangible property, subject to the jurisdiction and authority of Ohio, the domiciliary-state, for purposes of taxation; and this follows irrespectively of the-question whether these receivables are likewise taxable in such other states, or not. Cream of Wheat Co. v Grand Forks County, 253 U. S. 329, 64 L. ed. 934; Fidelity & C. Trust Company v Louisville, 245 U. S. 54, 62 L. ed 145; Curry v McCanless, 307 U. S. 357, 368, 83 L. ed. 1339, 1348. With respect to such receivables, therefore, the only-other and further question is. whether this state by statutory enactment has provided for the taxation of intangible property of this kind and in the' situation here presented. As to this, §5327 GC, defines the net amount of the current accounts receivable, however-evidenced, of a taxpayer in this state as “credits” for purposes of taxation. Sec. 5328-1 GC, provides, among other things, that all credits and other intangible property of persons residing in this state-shall be subject to taxation, except that “all such property of persons residing in this state used in- and arising out of business transacted outside of this state by for- or on behalf of such persons, * * * shall not be subject to taxation”.. In this connection §5328-2 GC, provides that property of the kinds- and classes therein mentioned,, when -used in business, “shall be considered to arise out of business-transacted in a state other than that in which the owner thereof' resides in the cases and under the circumstances following: In the case of accounts receivable, when. *484 resulting from the sale of property sold by an agent having an office in such other state or from a stock of goods maintained therein, or from services performed by an officer, agent or employee connected with, sent from or reporting to any officer or to any office located in such other state”. Inasmuch as the accounts and notes receivable here in question accrued to the company on the sale of its property by managing agents of the company having their several offices and places of business in certain designated cities of the States of Indiana and Michigan, and such property was sold from stocks of goods maintained by the company in its storerooms in the several cities of the ■other states herein referred to, it clearly appears that within the purview of §§5328-1 and 5328-2 GC, these receivables arose out of business transacted in' states other than that in which the appellant ■as the owner of such receivables, resided. However, under the provisions of §§5328-1 and 5328-2 GC, .it appears that before intangible property of this kind owned by a •corporation or other person residing in Ohio may be said to be nontaxáble in this state, it must appear that such receivables not only arose in the conduct of a 'business of the taxpayer in such other state or states, but that such receivables as intangible property ■were “used in business” in such other state or states. As to this,effect must be given to the provision of §5325-1 GC, that within the meaning of the term “used in "business” as used in this connection, accounts receivable and other taxable intangibles “shall be •considered to- be ‘used’ when they or the avails thereof are being applied, or are intended to be applied in the conduct of the business, whether in this state or elsewhere”. In this connection it is noted that Rule No. 204 of the Tax Commissioner (Rule 6, tax commission) provides in part and so far as the same is here pertinent, as follows:
“* * * Accounts receivable shall be deemed to be ‘used in business’ in a state other than the residence of the owner thereof when such, accounts are subject to the control and management of an officer or agent of the owner at an office in a state other than that in which the owner thereof resides *
The particular provisions of these sections of the General Code, just referred to-, and, perhaps that of the rule of the Tax Commissioner as well, are in apparent recognition of the general rule that before a business situs of accounts receivable and other intangible property for purposes of taxation can be given to a state other than the state of domicile of the taxpayer, it must appear that such receivables or other intangible property not only arose in the conduct of the business of the taxpayer in such other state, but were therein so used as to become an integral part of such business. First Bank Stock Corporation v Minnesota, 301, U. S. 234, 237, 81 L. ed. 1061, 1063; Wheeling Steel Corp. v Fox, 298 U. S. 193, 210, 80 L. ed. 1143, 1148; Farmers’ Loan & Trust Company v Minnesota, 280 U. S. 204, 213, 74 L. ed 371, 376; State ex rel. American Automobile Ins. Company v Gehner, 320 Mo. 702; Tax Commission v Kelly-Springfield Tire Company, 38 Oh Ap 109; Westinghouse Company v Los Angeles, 188 Calif. 491; Endicott, Johnson & Co. v Multnomah County, 96 Ore. 679. See Newark *485 Fire Insurance Company v State Board of Tax Appeals, 307 U. S. 313, 319, 83 L. ed 1312, 1317. The statutory provisions here in question and the rule of the Tax Commissioner interpreting the same, should be construed in the light of the general rule recognized and applied in the cases above cited. See State ex rel. v Sullivan, 81 Oh St. 79.
From the evidence in this case it appears that after the moneys -'■represented by the receivables here jin question and as the avails thereof were collected by the managing agents of the several branch offices and stores of the appellant in the States of Indiana and Michigan, and after such moneys were deposited in banks in the several cities where such branch offices and stores are located, such deposits were not withdrawable by these managing agents for use in the business of the particular branch office or store in the conduct of which the receivables arose, but such moneys, as in the case of branch store moneys on deposit in Ohio banks, were withdrawable only by the company through certain of its designated officers at the home office at Toledo, Ohio; and these moneys when they were withdrawn from the banks of original deposit were deposited by the company in a bank at Toledo where they were used for the purpose of paying the operating expenses of the company’s manufacturing plant at Toledo, in paying invoices for merchandise purchased as stock by the branch managers of the several stores and places df business of the company in Indiana and Michigan and Ohio, in paying salaries and wages to the officers, agents and employees of the company, including those for the services of agents and employees certified on pay rolls forwarded by the managers of the branch offices and stores of the company in the states above referred to, and in paying all other charges and expenses in the conduct of the business of the company. Although separate accounts were kept by the company at Toledo of the business conducted by its several branch offices and places of business, all moneys realized by the company on the sale of its merchandise through such branch offices and places of business, as in the case of other moneys of the company however acquired, were expended in the conduct of the business of the company as a whole with the exception of petty cash funds which were remitted by the company at stated intervals to the several branch managers for the use of their respective offices and places of business.
Looking to the pertinent provisions of §§5328-1 and 5328-2 GC, in the light of the definitive provisions of §5325-1 GC, above noted, and of the general rule otherwise applicable in cases of this kind, we are of the opinion that the current accounts and notes receivable here in question which accrued to the appellant company in the conduct of its business in the States of Indiana and Michigan were not used in business in such other states within the purview of the sections of the General Code herein referred to, and that, therefore, such receivables as intangible property did not have the status of nontaxable property under the tax laws of this state. And the Board of Tax Appeals hereby finds that the Tax Commissioner did not err in including the accounts and notes receivable here in question in determining the taxable credits of the appellant for the tax years *486 1939 and 1940; and in this respect the tax assessments complained oí in this appeal are affirmed.
The appellant in its said tax returns for the years 1939 and 1940. respectively, listed therein its bank deposits other than those in financial institutions in Ohio; and lor the year 1939 it listed such deposits as of November 4, 1938, in the amount of $5602.61, and for the year 1940 it listed such deposits as of November 2, 1939, in the amount of $5627.56. As to this the Board finds on stipulation of fact by the parties herein, that on November 4, 1938, the appellant had on deposit in banks outside of the State of Ohio the sum of $27,578.89, and that on November 2, 1939, it had on deposit in such out-of-state banks the sum of $21,934.76. On the evidence in this case and the stipulation filed by the parties herein, the Board finds that said deposits were balances maintained for the use of the entire business of the appellant company, and that the same were taxable in Ohio in the name of said company for the tax years 1939 and 1940, respectively. Secs. 5328-1 and 5828-2 GC; The Cleveland & Western Coal Company v O’Brien, Treas., 98 Oh St 14; Fidelity & Columbia Trust Company v Louisville, 245 U. S. 54, 62 L. ed. 145. It is, therefore, by the Board of Tax Appeals considered and ordered that the Tax Commissioner issue a corrected tax assessment certificate assessing as taxable deposits of the appellant for the tax year 1939 the sum of $27,578.89 instead of the sum o-f $5602.61 as listed by the appellant for said year, and that the Tax Commissioner issue a corrected assessment certificate assessing as taxable deposits of the appellant for the year 1940 the sum of $21,934.76 instead of the sum of $5627.56 as listed by the appellant for said year 1940.
The Board of Tax Appeals finds that in all other respects the tax assessments of appellant’s intangible and personal property for the tax years 1939 and 1940 are correct; and as modified in the respects herein above noted, the same are hereby affirmed.
I hereby certify the foregoing to be a true and correct copy of the action of the Board of Tax Appeals of the Department of Taxation, this day taken, with respect to the above matter.
HARRY J. ROSE, Secretary.