Turner, J.
 

 This appeal presents the single question: Was the decision of the Board of Tax Appeals affirming the determination of the Tax Commissioner in assessing appellant’s accounts and notes receivable used in and arising out of appellant’s business transacted in Indiana and Michigan reasonable and lawful? In other words, the main question is whether these intangibles have a business situs in or out of this state.
 

 It was the finding of the Board of Tax Appeals that the current accounts and notes receivable here in question which accrued to the appellant in the conduct of its business in the states of Indiana and Michigan were not used in business in such other states within the purview of the applicable statutes and that, therefore, such receivables as intangible property did not have the status of nontaxable property under the tax laws of the. state of Ohio.
 

 
 *402
 
 From the stipulation of facts in the cases of
 
 Procter & Gamble Co.
 
 v.
 
 Evatt, Tax Commr., ante,
 
 369, the Board of Tax Appeals found the accounts receivable and avails thereof involved in those cases to be nontaxable in this state.
 

 As found by the Board of Tax Appeals in its entry in the instant case: “Inasmuch as the accounts and notes receivable here in question accrued to the company on the sale of its property by managing agents of the company having their several offices and places of business in certain designated cities in the states of Indiana and Michigan, and such property was sold from stocks of goods maintained by the company in its storerooms in the several cities of the other states herein referred to, it clearly appears that within the purview of Sections 5328-1 and 5328-2, General Code, these receivables arose out of business transacted in states other than that in' which the appellant as the owner of such receivables, resided.”
 

 However, the Board of Tax Appeals held that before a business situs of accounts receivable and other intangible property for purposes of taxation can be allocated to a state other than the state of the residence of the taxpayer, it must appear that such receivables cr other intangible property not only arose in the conduct of the business of the taxpayer in such other state “but were therein so used as to become an integral part of such business.” In so holding the board was following the provisions of Rule 204 of the Tax Commissioner which attempts to add to the terms of the applicable statutes. This rule will be discussed later herein.
 

 However, it is pointed out here that the Tax Commissioner in an address before the Ohio State Bar Association said: “We have taken the position that accounts receivable of Ohio corporations must be given an Ohio situs unless they arise out of business trans
 
 *403
 
 acted outside of Ohio and ar.e also used in.business out side of Ohio.” 14 Ohio BAR, 568.
 

 The Board of Tax Appeals then proceeded to find in its entry as follows:
 

 “From the evidence in.this case it appears that after the moneys represented by the receivables here in question and as the avails thereof were collected by the managing agents of the several branch offices and stores of the appellant in the states of -Indiana and Michigan, and after such moneys were deposited in banks in the several cities where such branch offices and stores are located, such deposits were not with-drawable by these managing agents for use in the business of the particular branch office or store in the conduct of which the receivables arose, but such moneys, as in the case of branch store moneys on deposit in Ohio banks, were withdrawable only by the company through certain of its designated officers at the home office at Toledo, Ohio; and these moneys when they were withdrawn from the- banks of original deposit were deposited by the company in a bank at Toledo where they were used for the purpose of paying the operating expenses of the company’s manufacturing plant at Toledo, in paying invoices for merchandise purchased as stock by the branch managers of the several stores and places of business of the company in Indiana and Michigan and Ohio, in paying salaries and wages to the officers, agents and employees of the company, including those for the services of agents and employees certified on pay rolls forwarded by the managers of the branch offices and stores of the company in the states above referred to, and in paying all other charges and expenses in the conduct of the business of the company: Although separate accounts were kept by the company at -Toledo of the business conducted by-its several branch’ offices and places: of business, all moneys' ¡realized by: the- conipa-nv;>qn--the-¡sale
 
 *404
 
 of its merchandise through such branch offices and places of business, as in the case of other moneys of the company however acquired, were expended in the conduct of the business of the company as a whole with the exception of petty cash funds which were remitted by the company at stated intervals to the several branch managers for the use of their respective offices and places of business.”
 

 It was upon this last quoted finding of facts that the Board of Tax Appeals held that such receivables did not have the status of nontaxable property under the tax laws of this state.
 

 We are of the opinion, that the fact that managers of branches had no authority to draw upon the deposits created by their collections or the “avails” of receivables has no effect upon our question here. Section 5328-2, General Code (115 Ohio Laws, 555), in fixing business situs provides that where
 
 deposits
 
 are used in business outside of such other state or where such
 
 deposits
 
 are not withdrawable by an officer or agent having an office in such other state, such
 
 deposits
 
 have a business situs at the residence of the taxpayer. The Board of Tax Appeals held appellant liable for taxes in Ohio on these deposits and appellant makes no complaint here of such holding. It does not follow that the uncollected accounts receivable are to be treated the same as deposits. The “avails thereof” under Section 5325-1, General Code, may be applied or intended to be applied in the conduct of the business,
 
 whether in this state or elsewhere.
 

 Section 5328-1, General Code (115 Ohio Laws, 554), provides that moneys, credits, investments, deposits and other intangible property of persons residing in this state used in and arising out of business transacted outside of this state by, for or on behalf of a resident of this state shall not be subject to taxation. Here is an unqualified exemption of intangibles having a
 
 *405
 
 business situs outside of the state. There Is left for determination only the question of the business situs.
 

 In respect of accounts receivable Section 5328-2, General Code (115 Ohio Laws, 555), provides:
 

 “Property of the kinds and classes herein mentioned, when used in business, shall be considered to arise out of business transacted in a state other than that in which the owner thereof resides in the cases and under the circumstances following:
 

 “In the case of accounts receivable, when resulting from the sale of property sold by an agent having an office in such other state or from a stock of goods maintained therein * * * .
 

 “The provisions of this section shall be reciprocally applied, to the end that all property of the kinds and classes mentioned in this section having a business situs in this state shall be taxed herein and no property of such kinds and classes belonging to a person residing in this state and having a business situs outside of this state shall be taxed. It is hereby declared that the assignment of a business situs outside of this state to property of a person residing in this state in any case and under any circumstances mentioned in this section is inseparable from the assignment of such situs in this state to property of a person residing outside of this state in a like case and under similar circumstances.”
 

 No question has been raised under this last quoted paragraph but the record discloses that' appellant did report its intangibles to the states of Indiana and Michigan. '
 

 In the journal entry of the Board of Tax Appeals it is said:
 

 “* * * it clearly appears that within the purview of Sections 5328-1 and 5328-2, General Code, these receivables arose out of business transacted in states other than that in which the appellant as the owner of such receivables, resided. ’ ’
 

 
 *406
 
 •. The position of the Tax Commissioner was outlined in the following statement made before the Board of Tax Appeals:
 

 “In thffi particular case, the Tax Commissioner makes no claim that the accounts receivable do not arise out of the sale of goods from without the state and the only position the Tax Commissioner takes is that the avails are not used without Ohio, that the avails from such accounts are not used without Ohio but that the avails are used within Ohio and-that .such accounts are controlled by the home office for The Ransom & Randolph Corporation, a domestic corporation, located in Toledo.”
 

 This position of. the Tax Commissioner was upheld by the Board of Tax Appeals.
 

 It should be emphasized that the Board of Tax Appeals held and appellant acquiesced therein that all moneys on deposit in banks outside the state of Ohio were taxable and no question thereon is here raised. However, moneys in the banks outside the state of Ohio were the “avails” not only of intangibles but from the sale of merchandise.
 

 , We pass then to the terms “used in business” and “business,” the definitions of which are to be found in Section 5325-1, General Code (115 Ohio Laws, 553), wherein it is provided that:
 

 “Within the meaning of the term ‘used in business,’ occurring in this title, personal property shall be considered to be ‘used’ when employed or utilized in connection with ordinary or special operations, when acquired or held as means or instruments for carrying on the business, when kept and maintained as a part of a plant capable of operation, whether actually in operation or not, or when stored or kept on hand as material, parts, products or merchandise; but merchandise or agricultural products belonging to a nonresident of this state shall not be considered to be used in business in
 
 *407
 
 this state if held in a storage warehouse therein for storage only. Moneys, deposits, investments, accounts receivable and prepaid items, and other taxable intangibles shall be considered to be ‘used’ when they or the avails thereof are being applied, or are intended to be applied in the conduct of the business,
 
 whether in this state or elsewhere.
 
 ‘Business’ includes all enterprises of whatsoever character conducted for gain, profit or income and extends to personal service occupations.” (Italics ours.)
 

 For emphasis, we repeat that intangibles are to be considered as used when they or the avails thereof are being applied or are intended to be applied in the conduct of the business
 
 whether in this state or elsewhere.
 

 Clearly the evidence in this case brings the intangibles within the definition of “used” or “used in business” in the state where they were created.
 

 The record discloses that merchandise resulting in 92 per cent of the amount of sales in these out of state branches is
 
 purchased
 
 direct from the manufacturers by the branch managers. The
 
 payments
 
 for such purchases are made from the Toledo office by aggregating all the purchases made from a particular manufacturer by the different branches. The moneys drawn into the Toledo pool from the outside banks are used for such payments.
 

 Rule 204 adopted by the Tax Commissioner and considered by the Board of Tax Appeals provides in part:
 

 “Accounts receivable shall be deemed to be ‘used in business’ in a state other than the residence of the owner thereof when such accounts are subject to the control and management of an officer or agent of the owner at an office in a state other than that in which the owner thereof resides.”
 

 While Section 1464-3, paragraph 13, General Code (as well as other sections), authorizes the Tax Commissioner to adopt and promulgate rules, vet such
 
 *408
 
 rules may not exceed the statutory provisions upon the same subject.
 

 By the foregoing rule the- Tax Commissioner has attempted to add to the statutory requisite for out-of-r state situs of accounts receivable, a condition similar to that contained in Section 5328-2, General Code, respecting deposits. The only statutory conditions for out-of-state situs of accounts receivable are that they shall be used in business and shall result from the sale of property sold by an agent having an office in such other state or from a stock of goods maintained therein (Section 5328-2, General Code). Nowhere in the statutes can be found the provision that such accounts receivable are to be “subject to the control and management of an officer or agent of the owner at an office in a state other than that in which the owner thereof resides.” However, we think that the accounts receivable in this case meet this test.
 

 • The decision below went further than the commissioner’s rule or the statutes in holding in effect that the accounts receivable or the avails thereof must be used principally if not exclusively in the state of origin.
 

 Such rule also exceeds the terms of Section 5325-1, General Code, which clearly states that where 4 4 avails ’ ’ of intangibles are applied or are intended to be applied in the conduct of the business,
 
 whether in this state or elsewhere,
 
 the intangibles shall be considered to be “used.”
 

 There is no justification for limiting the word 4‘busi-ness ’ ’ to that part of the business done in states other than Ohio. (Section 5325-1, General Code.)
 

 In addition to the statutes and rule of the Tax Commissioner the Board of Tax Appeals relied upon “the general rule otherwise applicable in cases of this kind. ’ ’
 

 When an unambiguous statute changes the common law on any'subject, such statute is to be followed to the
 
 *409
 
 exclusion of any general rule otherwise applicable to cases coming within the purview of the statute.
 

 The record clearly discloses that the branch managers in Indiana and Michigan had full authority to sell their merchandise, equipment and supplies upon terms of sale fixed by them, to enter into chattel mortgages, conditional sales contracts and to sell on credit, to collect all accounts receivable growing out’of their sales, to make all adjustments and if necessary to enforce collection. The proceeds or “avails” of, the receivables were unquestionably applied to appellant’s business and these accounts receivable meet the test prescribed by Section 5328-2, General Code, for an out-of-state business situs.
 

 It is clear that it was the intention of the General Assembly that all property having a business situs in Ohio should be taxed in Ohio and that no property having a business situs outside of Ohio should be so taxed.
 

 It was to avoid the application of the principle recognized in
 
 Fidelity & Columbia Trust Co., Exr.,
 
 v.
 
 City of Louisville,
 
 245 U. S., 54, 62 L. Ed., 145, 38 S. Ct., 40, that liability to taxation in one state does not necessarily exclude liability in another, that the legislation here under consideration was passed.
 

 Being of the opinion that the decision of the Board of Tax Appeals appealed from is unreasonable and unlawful, the same should, be and hereby is reversed and vacated.
 

 Decision reversed.
 

 Matthias, Hart, Zimmerman and Bell, JJ., concur.
 

 Williams, J., not participating.