AMERICAN ROLLING MILL COMPANY and SHEFFIELD STEEL CORPORATION, Appellants, v. EVATT, TAX COMMR., Appellee.

Board of Tax Appeals

No. 9219. Decided January 17, 1946.

This cause came on to be heard upon an appeal by The American Rolling Mill Company and its subsidiary, Sheffield Steel Corporation, from the action of the tax commissioner in making an additional personal property tax assessment for the years 1938, 1939 and 1940. This cause was heard and submitted upon the transcript of the proceedings before the tax commissioner, the evidence and briefs of counsel. The only question raised in this appeal is the taxability of the deposits of Sheffield Steel Corporation which The American Rolling Mill Company did not list in its consolidated returns for said years, but which the tax commissioner determined to be taxable. It was stipulated by the parties that the deposits of Sheffield Steel Corporation for the years in question were as follows: 1938, $681,790.00; 1939, $1,793,890.00; 1940, $2,380,120.00. These amounts, however, did not include the Sand Springs Oklahoma, pay roll account, which is not here involved. Sheffield Steel Corporation hereinafter referred to as the Company, is a corporation organized under the laws of the State of Ohio. It is a wholly owned subsidiary of The American Rolling Mill Company, which is a Delaware corporation having a plant at Middletown, Ohio. The Company is in the business of manufacturing iron and steel products. During the period involved it had plants at Kansas City and Scullin, Missouri, and Sand Springs, Oklahoma. All of its officers were located in Kansas City except the chairman of the Board of Directors, the assistant treasurer and secretary, who were located in Ohio. The Ohio officers had nothing to do with the management or operation of the Company. None of the business of the Company of any kind was transacted in Ohio, but directors' meetings were held here and tax returns were prepared in Ohio, where it had a statutory office, upon information from officers in Kansas City. The Company maintains sales offices in several states west of the Mississippi, which send the orders taken to Kansas City for acceptance or rejection. All purchases are made in Kansas

City. The Company maintained deposits in the following banks: Commercial Trust Company, First National Bank, Union Bank, Manufacturers and Mechanics Bank—all in Kansas City, Mercantile Bank and Trust Company (a general and a special account) located in St. Louis, first National Bank and Trust Company, and National Bank of Tulsa, both in Tulsa, Oklahoma. The special account in the St. Louis bank was maintained especially for the operations of the Scullin plant. The deposits in the Kansas City banks arose from the ordinary business transactions of the Company wherever the Company operated, out of which expenses of the Company were paid wherever incurred, including the expenses of all sales offices located throughout the West. While the record is not very clear, it appears that the deposits in the Oklahoma banks were solely for the payment of certain expenses of the Oklahoma plant, such as pay rolls, freight, etc., and were comparatively small.

In the case of Cream of Wheat Company v County of Grand Forks, 253 U. S. 325, 64 L. Ed. 931, it was held:

"1. A state may, consistently with U. S. Const., 14th Amend., tax a corporation organized under its laws upon the value of its outstanding capital stock, although the corporation's property and business are entirely in another state.

"2. Nothing in U. S. Const., 14th Amend., prohibits a state from imposing double taxation."

In that case the plaintiff in error conducted its business outside North Dakota, under the laws of which it was incorporated. All of its business was conducted wholly without that state and it had no property of any kind within it. The tax was assessed against plaintiff in error as representing stocks and bonds. Referring to the limitation upon the power of taxation imposed by the 14th Amendment of the United States Constitution, the Court said:

"Nor has it any application to intangible property (Union Refrigerator Transit Co. v Kentucky, 199 U. S. 205, 50 L. ed. 154, 26 Sup. Ct. Rep. 36, 4 Ann. Cas. 493; Hawley v Malden, 232 U. S. 1, 11, 58 L. ed. 477, 482, 34 Sup. Ct. Rep. 201, Ann. Cas. 1916C, 842), even though the property is also taxable in another state by virtue of having acquired a 'business situs' there (Fidelity & C. Trust Co. v Louisville, 245 U. S. 54, 59, 62 L. ed. 145, L.R.A. 1918C. 124, 38 Sup. Ct. Rep. 40)."

In the case of Newark Fire Insurance Company v State Board of Tax Appeals, 307 U. S. 313, 83 L. Ed. 1312, the headnote reads as follows:

"A tax levied by the State of New Jersey upon the paid-in capital stock and accumulated surplus of a New Jersey fire insurance company whose executive office, at which its acounts are kept and its general affairs conducted, is in New York, and whose cash and securities are located there or in banks, only a small amount being deposited in New Jersey banks, was held not to violate the due process clause of the Fourteenth Amendment, four of the eight Justices voting for affirmance being of the opinion that the facts presented by the record were insufficient to overcome the presumption of domiciliary location and to show that the intangibles of the company had a busines situs elsewhere, the other four being of the opinion that, irrespective of whether the intangibles of the corporation had acquired a taxable situs outside of the state of its creation, such state could constitutionally tax the corporation in respect of its intangibles."

Justice Frankfurter, who wrote the concurring opinion, said:

"During all the vicissitudes which the so-called 'jurisdiction-to-tax' doctrine has encountered since that case was decided, the extent of a state's taxing power over a corporation of its own creation, recognized in the Cream of Wheat Co. Case, has neither been restricted nor impaired. That case has not been cited otherwise than with approval. Questions affecting the fictional 'situs' of intangibles, which received full consideration in Curry v McCanless, decided this day (307 U. S. 357, post, 1339, 59 S. Ct. 900, 123 A. L. R. 162), do not concern the present controversies. Cream of Wheat Co. v Grand Forks County, supra, and the cases that have followed it, afford a wholly adequate basis for affirming the judgments below."

In the case of Curry v McCanless, 307 U. S. 357, 83 L. Ed. 1339, the Court said:

"* * * The State in which an owner of intangibles has his domicil cannot be deprived, by reason of the owner's activities elsewhere, of its constitutional jurisdiction to tax such intangibles.

"There are many circumstances in which more than one state may have jurisdiction to impose a tax and measure it by some or all of the taxpayer's intangibles. * * *"

In the case of Graves v Schmidlapp, 315 U. S. 657, 86 L. Ed. 1097, the Court held:

"Intangibles and their transfer at death are taxable at the place of their owner's domicil; and a transfer of interests in intangibles by virtue of the exercise of a power of appointment stands on the same footing. * * *"

The Court said in the opinion:

"* * * Intangibles, which are legal relationships between persons and which in fact have no geographical location, are so associated with the owner that they and their transfer at death are taxable at the place of his domicile where his person and the exercise of his property rights are subject to the control of the sovereign power."

It is clear, therefore, that a state has the right to tax all the intangibles of a resident regardless of where he engages in business. The question remains as to whether this state, through its legislature, has authorized the levy of a tax upon any of the deposits in question. **Sec. 5328-2 GC**, provides in part as follows:

"Property of the kinds and classes herein mentioned, when used in business, shall be considered to arise out of business transacted in a state other than that in which the owner thereof resides in the cases and under the circumstances following:

"* * * In the case of deposits (other than such as are used in business outside of such other state), when withdrawable in the course of such business by an officer or agent having an office in such other state; but deposits representing general reserves or balances of the owner thereof, maintained for the purpose of his entire business wherever transacted, shall be considered located in the state wherein the owner resides, if an individual, or wherein its actual principal executive office is situated, if a partnership or association, or under whose laws it is organized, if a corporation, by whomsoever they may be withdrawable. * * *

"The provisions of this section shall be reciprocally applied, to the end that all property of the kinds and classes mentioned in this section having a business situs in this state shall be taxed herein and nō property of such kinds and classes belonging to a person residing in this state and having a business situs outside of this state shall be taxed. * * *"

Consequently, if these deposits represented general reserves or balances maintained for the purpose of the entire business of the Company wherever transacted, they must be deemed located in Ohio, the domiciliary state, and, therefore, taxable here. In the case of **Kettering, Inc., v Evatt, 144 Oh St 419**, the appellant was incorporated under the laws of Delaware where it kept its statutory office, and where it did no business. Practically all of its business was transacted in Ohio and the deposits were in a bank located in Ohio. The Court held.

"Under the provisions of §§5498, 5328-1 and 5328-2 GC, as they are connected and related, a general bank deposit or account maintained in Ohio by a corporation organized under the laws of another state and used by it for the purposes of its business generally, within and without Ohio, may not be included in the base for the computation of the franchise tax to be collected from such foreign corporation, even though such deposit or account may fluctuate in amount and the funds therein are withdrawable by the Ohio officers or agents of the coporation."

The Court said in the opinion:

"In other words, where a foreign corporation opens and keeps a general account in an Ohio bank and uses it in its business everywhere, such account is not taxable in this state, even though withdrawable by officers and agents in Ohio."

This decision was approved and followed in **National Cash Register Company v Evatt, 145 Oh St 597**.

The evidence offered on behalf of the Company shows that the deposits in the banks in Kansas City and the general deposits in the bank at St. Louis represented general accounts and were used in its business wherever transacted. The Board, therefore, finds that they are taxable in this state even though withdrawable by officers outside of the state;

and in this respect the action of the tax commissioner complained of is affirmed. On the other hand it appears from the evidence that one of the deposits in the St. Louis bank—a special deposit—was maintained for the purpose of the operations of the Scullin plant and was not used in the Company's business wherever transacted and, therefore the same is not taxable. The same is also true of the Oklahoma deposits, which were maintained for the operation of the plant in Sand Springs. The action of the tax commissioner in respect to these deposits is, therefore, reversed.

At the hearing the Board's examiner sustained an objection to the question concerning the payment to the States of Missouri and Oklahoma of taxes on said deposits. The Company then made a proffer showing that the Company had paid said taxes. However, the Board finds this is immaterial in view of the United States Supreme Court decisions herein above referred to. See, also, Fidelity and Columbia Trust Company v Louisville, 245 U. S. 54, 62 L. Ed. 145, wherein the Court held:

"Deposits in a bank in the city in which the depositor carried on a business from which such deposits are derived but belonging absolutely to him, and not used in the business, are subject to a tax upon the person against him in the city of his residence, in another state, whether or not they are subject to tax in the state where the business is carried on." See **The Cleveland & Western Coal Company v O'Brien, Treas., 98 Oh St 14, 20.**

It is true, as counsel for the Company contends, that §5328-2, GC, should be reciprocally applied, but this Board has no authority to alter said legislation as construed by the Supreme Court of Ohio for the purpose of preventing double taxation. It is apparent that the legislature intended to avoid double taxation wherever possible, but it is very difficult, if not impossible, to frame laws which would prevent double taxation in every case. This can only be done by enactment of uniform tax laws among the several states. Counsel for the appellants rely largely on the case of Wheeling Steel Corporation v Fox, 298 U. S. 193, 80 L. Ed. 1143. That case involved the right of a state to tax intangibles of a nonresident created in the conduct by him in his business in that state, which was not of his domicile. It did not involve the

right of a state to tax the intangibles of a resident whereever or however created. Consequently, that case can have no application here.

In conclusion it may be observed that under the provisions of §5328-1 GC, the deposits here in question owned by the Sheffield Steel Corporation—a corporation organized under the laws of Ohio and by legal intendment a resident of this state—must be held to be taxable unless such taxability is negatived by the provisions of this or of some other section of the General Code in their application to the facts of this case. The Cleveland & Western Coal Company v O'Brien, Treas., supra. As to this §5328-1 GC, provides:

"All moneys, credits, investments, deposits, and other intangible property of persons residing in this state shall be subject to taxation, excepting as provided in this section or as otherwise provided or exempted in this title."

A perusal of the meager and somewhat uncertain evidence disclosed by the record in this case suggests a consideration of the principle noted by the Court in the case of **Wheeling Steel Corporation v Evatt, 143 Oh St 71, 28 O.O. 21** where it was held:

"The action of an administrative officer or board within the limits of the jurisdiction conferred by law is presumed, in the absence of proof to the contrary, to be valid and to have been done in good faith and in the exercise of sound judgment."

However this may be, the Board is unable to find, on a consideration of the evidence in this case, that any of the deposits here in question are nontaxable under the laws of this state other than as above noted.

For the foregoing reasons it is considered and adjudged by the Board of Tax Appeals that the action of the tax commissioner complained of herein, be, and the same hereby is, modified in the above respects, and as modified the same is hereby affirmed; and this cause is remanded to the tax commissioner for further proceedings in accordance with this order and entry.

BOARD OF TAX APPEALS