300

HAMILTON LERNER SHOPS, INC., ET AL., APPELLANTS,
*v.* LINDLEY, TAX COMMR., APPELLEE.

(No. 80-1215—Decided June 3, 1981.)

*Mr. Charles S. Lopeman,* for appellants.

*Mr. William J. Brown,* attorney general, and *Mr. Charles M. Steines,* for appellee.

*Per Curiam.* Appellants, in their sole proposition of law, assert, in essence, that, pursuant to R. C. 5709.03(B), a prepaid item of an Ohio corporation, concerning a written contract executed in another state with a corporate resident of another state for the Ohio corporation, shall be considered as "relat[ing] exclusively to business transacted in such other state, or to property used in such business." Stated otherwise, appellants contend that their prepayments for the services rendered by Associated have a situs in New York and, therefore, are exempt from Ohio personal property tax.

We find no merit in this contention.

Discussion of this cause is predicated on R. C. 5709.02, 5709.03(B) and 5701.08. R. C. 5709.02 states, in relevant part:

"All money, credits, investments, deposits, and other intangible property of persons residing in this state shall be subject to taxation, except as provided in this section or as otherwise provided or exempted in Title LVII of the Revised Code***. Property of the kinds mentioned in section 5709.03 of the Revised Code, used in and arising out of business transacted in this state by or on behalf of a nonresident person***shall be subject to taxation; and *all such property of persons residing in this state used in and arising out of business transacted outside of this state by or on behalf of such persons***shall not be subject to taxation.***"* (Emphasis added.)

In *Ransom & Randolph Co.* v. *Evatt* (1944), 142 Ohio St. 398, this court, at page 409, simply, but aptly, explained the purpose of R. C. 5709.02 when it stated:

"It is clear that it was the intention of the General Assembly that all property having a business situs in Ohio

should be taxed in Ohio and that no property having a business situs outside of Ohio should be so taxed."

Noting the above, inspection of R. C. 5709.03(B) is necessary to determine whether the prepaid items at issue herein have a tax situs in Ohio or New York.

R. C. 5709.03 provides, in pertinent part:

"Property of the kinds mentioned in this section, when *used in business,* shall be considered to arise out of *business transacted* in a state other than that in which the owner resides, under the circumstances following:
"* * *

"(B) Prepaid items, when the right acquired thereby relates exclusively to the *business transacted* in such other state, or to property *used in such business."* (Emphasis added.)

The statutes herein specifically and continually refer to "business transactions" or "used in business." The eye of the controversy herein is predicated upon whether the business transacted, *i.e.,* the execution of the contract and performance of services in New York by Associated, creates a situs in New York and, therefore, is not taxable in Ohio.

R. C. 5701.08(B) defines the term "business" as follows: " 'Business' includes all enterprises, except agriculture, conducted for gain, profit, or income and extends to personal service occupations."

Thus, the standard requires that appellants have an enterprise that is "conducted for gain, profit, or income." It is uncontroverted and clear from the stipulations between the parties that appellants did not engage in any enterprise in New York for "gain, profit, or income." Their sole nexus with New York was to secure the services of Associated. Accordingly, the execution of the contracts in New York and the services performed exclusively in New York by Associated for appellants are not considered business "conducted for gain, profit, or income," and the prepaid items herein do not relate "exclusively to the business transacted in * * * [New York]."

To further buttress our holding herein, a scrutinization of R. C. 5709.03 as a whole is in order. The gist of that section concerns itself with Ohio corporate residents who have offices and stores, *i.e.,* gainful business, in other states. The accounts receivable, accounts payable, bank deposits, money and invest-

ments resulting from *business transacted* in the other state would be situated in that other state and not in Ohio. For example, pursuant to R. C. 5709.03, an Ohio based retail store, which also has a retail store in Indiana, has a tax situs in Indiana for all the money deposited in Indiana banks, the accounts receivable, the accounts payable, and the investments resulting from business transacted from the Indiana store. Therefore, all the prepaid items resulting from these business transactions in Indiana have a tax situs in Indiana and are, thereby, exempt from Ohio taxation.

Appellants, in the instant cause, did not conduct any business in New York, and thus no business for gain or profit was transacted in New York which would entitle them to an Ohio tax exemption as outlined in R. C. 5709.02 and 5709.03(B).

For the foregoing reasons, the decision of the Board of Tax Appeals is affirmed.

*Decision affirmed.*

CELEBREZZE, C. J., W. BROWN, SWEENEY, LOCHER and HOLMES, JJ., concur.

P. BROWN and C. BROWN, JJ., dissent.