*235
 
 Turner, J.
 

 Appellant submits as its two main questions: (1) Do treasury shares of an Ohio corporation constitute an asset of — that is — property owned by the corporation? (2) If an Ohio corporation’s own shares reacquired by it can constitute property owned by it, is the finding of the Board of Tax Appeals that the treasury shares of the appellant have a fair value of $100 per share sustained by the evidence?
 

 We are of the opinion that a determination of neither of the foregoing questions would be decisive of the issue in this case. The question upon the record made, the answer to which would be determinative, is whether appellant’s capital is, as originally claimed, $17,500' ($17,700), or as now admitted, $50,000. As no claim, was made that the value of the assets as carried upon appellant’s books exceeded the fair value thereof, that question is not before us. Section 5498, General Code, requires such claim for deduction to be made by the corporation at the time of filing its report. As appellant admits that its capital should be carried on its. books at $50,000, that should end the matter. However, appellant still claims that it should be permitted to deduct the par value of the treasury shares from its-surplus.
 

 The position of appellant before the Board of Tax Appeals is made clear by the following testimony of its accountant:
 

 “A. At April 30, 1930, the North High Realty Company had 500 shares outstanding. The outstanding shares were reduced as at April 30, 1930, by 323 shares of stock, of treasury stock reacquired when the $265,168.68 worth of assets were transferred to the new company. * * *
 

 “Q. Now, what effect did that payment have on the net worth of the company, as of that date? * * *
 

 “The witness: At April 30, 1930, the payment of the $265,168.68 was the amount paid for 323 shares of
 
 *236
 
 stock in the Ardmore-Broad Investment Corporation, and represented at April 30, 1930, a cost of $323,000 — ■ of $265,168.68. In other words the net worth after— immediately after the formation of the new company, the net worth of The North High Realty Company remained identically the same. Then the 323 shares of Ardmore-Broad Investment Corporation now owned by the North High Realty Company were exchanged for 323 shares of the company’s own stock, inasmuch as that represented the exact amount at book value of the assets, was transferred to the new company. Then the assets or net worth of the old North High Realty Company was the same less $265,168, which was the net worth of the new company, known as the ArdmoreBroad Investment Corporation.”
 

 The Board of Tax Appeals found:
 

 “The board further finds that prior to 1930 the appellant had issued and outstanding, and fully paid, 500 shares of common stock of a par value of $100 each, or a total of $50,000; that in said year the appellant transferred $265,168.68 worth of assets to a new corporation known as the Ardmore-Broad Investment Company and received therefor 325 shares of stock in said new corporation; that thereafter the appellant exchanged said stock for 325 shares of its own stock and that at the times herein involved appellant held in its treasury in the year 1936 325 shares of its own stock and in the years 1937 to 1941 inclusive 323 shares 'of its own stock. The appellant in making its returns for the several years involved did not include its treasury stock in its issued and outstanding stock or in its assets. The Tax Commissioner in making the assessments herein for the respective years involved included said treasury stock as issued and outstanding stock. In determining the value of said issued and outstanding stock the Tax Commissioner included the treasury stock as an asset at par value and not at the cost of the [sic] appellant of said stock.”
 

 
 *237
 
 We agree with the foregoing quotation except the last sentence. As we read the Tax Commissioner’s correction sheets, what he did, and properly, was to consider the 500 shares of issued and outstanding stock as representing appellant’s capital, to wit, $50,000. He then restored appellant’s surplus to what it was immediately before the acquisition of the treasury shares. From this restored surplus he deducted the cost of the treasury shares less the par value thereof from the surplus and for the year ending December 31, 1935, arrived at a net value for appellant’s' issued and outstanding stock, of $167,163, which is the same value (except for an error of $1) reported by appellant but to which had been added an amount equal to the par value of the treasury shares. Similar treatment was given to the reports of the succeeding years. (We have not noted small discrepancies in figures given in the record, as they do not affect the-result.)
 

 Section 5498, General Code, provides in part: “For the purpose of this act, the value of the-Issued and outstanding shares of stock of any such corporation shall be deemed to be the total value, as shown by the books of the company of its capital, surplus, whether earned or unearned, undivided profits, and reserves, but exclusive of (a) proper and reasonable reserves for depreciation, and depletion as determined by the Tax Commission[er], (b) taxes due and payable during the year for which such report was made, (c) the item of good will as set up in the annual report of the corporation * * * and (d) such further amount as upon satisfactory proof furnished by the corporation, the Tax Commission [er] may find to represent the amount, if any, by which the value' of the assets (other than good will) of the corporation as carried on its books exceeds the fair value thereof. Claim for the deduction of such difference must be made by the corporation at the time of filing its report. ’ ’
 

 
 *238
 
 As appellant filed no claim for deduction at the time of filing its reports, we may dismiss this feature Appellant agrees that there are but two items to be considered, capital and surplus.
 

 Under Section 5498, General Code, it was the duty of the Tax Commissioner to determine appellant’s capital and surplus. Under Section 5500, General Code, a corporation may have a review of such determination.
 

 Section 8623-37, General Code (113 Ohio Laws, 432), 'effective until July 24,1939, required a corporation for profit to carry upon its books a stated capital which in the case of a corporation having par value shares should be equal to “the aggregate par value of outstanding shares having par value, including therein treasury shares * *
 

 When this section was amended, 118 Ohio Laws, 190, effective July 24, 1939, the foregoing quoted provision was changed to read:
 

 “The stated capital of a corporation, all of whose outstanding shares are with par value, shall be the aggregate par value thereof.”
 

 It will be noticed that in the amendment the words
 
 i
 
 ‘including therein treasury shares” were dropped. For the reasons hereinafter stated we do not think that this made any substantial change.
 

 Until July 24, 1939, Section 8623-39, General Code (113 Ohio Laws, 434), provided the
 
 only
 
 method for reducing stated capital. After July 24, 1939, Section 8623-39, General Code, as amended (118 Ohio Laws, 192), provides, except as otherwise permitted by the General Corporation Act in the case of consolidation, merger or reorganization, the
 
 only
 
 method by which the stated capital of a corporation might be reduced. The record does not disclose that appellant attempted any reduction of its stated capital after the acquisition of its treasury shares.
 

 Section 8623-41, General Code (113 Ohio Laws, 437),
 
 *239
 
 which is the section authorizing a corporation to acquire its own shares (as in effect prior to July 24, 1939) contained the following provision:
 

 “Whenever a corporation shall acquire in any way any of its own shares, they shall be carried on its books as treasury shares until disposed of by sale or reduction of stated capital.”
 

 When this section was amended, 118 Ohio Laws, 195, the foregoing quoted paragraph was omitted but the amended act contains the following paragraphs
 

 “In the determination of the excess of a corporation’s assets over its liabilities plus stated capital, for the purpose of declaring and paying a dividend, purchasing its own shares or making any other distribution to shareholders, treasury shares shall not be considered as an asset of the corporation.” We do not think that this provision calls for the application of the doctrine of
 
 expressio unius est exclusio altenus.
 

 In Yol. 1, Opinions of Attorney General (1916), 245, the writer said:
 

 “* * * as I understand the term, ‘treasury stock’' of a corporation is subscribed and issued stock which has later become the property of the corporation.”
 

 In Vol. 2, Opinions of Attorney General (1916), 1322, the writer said:
 

 “The purchase by a corporation of its own stock, which has been previously subscribed, issued and outstanding, does not restore such stock to the status of unissued stock. It continues to retain its character as subscribed, issued and outstanding stock.”
 

 In 1 Davies Ohio Corporation Law, 709, paragraph 9, it is said:
 

 “Treasury shares are deemed to be outstanding for the purpose of computing a corporation’s stated capital and for the purpose of determining franchise taxes under the provisions of G. C. §5498; but, under §8623-41, treasury shares may not be treated as assets for the-
 
 *240
 
 purpose of computing the excess of assets available for dividends or the purchase of shares or the making of other distributions to shareholders.”
 

 In 2 Cooley on Taxation (4,Ed.), 1753, Section 868, it is said:
 

 “Stock once issued is outstanding, within the meaning of a tax statute, although returned to and owned ¡by the corporation issuing it, until retired and can-celled as provided by- the statute relating to the reduction of capital stock.”
 

 When the General Corporation Act was enacted in 1927 (112 Ohio Laws, 9), the General Assembly defined treasury shares as follows:
 

 “The term ‘treasury shares’ means shares issued and paid for and thereafter acquired by the corporation, if not required to be cancelled.” Section 8623-2, General Code (112 Ohio Laws, 10).
 

 This definition was amended in 1929,113 Ohio Laws, 414, to read:
 

 “The term ‘treasury shares’ means shares issued and thereafter acquired by the corporation.” Section 8623-2, General Code.
 

 In both argument and brief appellant devoted much time as to the proper method of accounting for treasury shares upon the books of a corporation. As to this feature we agree with the Attorney General that the proper accounting practice is not a matter with which we are here concerned. Under appellees’ contention we are concerned in this ease solely with the question of the amount of the capital and book surplus of the corporation for the purpose of détermining the base upon which to compute the franchise tax and such determination is to be made according to applicable statutes rather than according to accounting practice not based upon such statutes.
 

 Under Section 8623-63, General Code, it is provided:
 

 “Every corporation shall keep and maintain ade
 
 *241
 
 quate and correct accounts of its business transactions, including accounts of its assets, liabilities, receipts, disbursements, gains, losses,
 
 stated capital and
 
 shares,
 
 together with such particular accounts as are required by this act.
 
 * * * ” (Italics ours.)
 

 In its reply brief appellant does make the following concession:
 

 “As a bookkeeping proposition, because of paragraphs 1 and 8 of G. C. 8623-37, we believe that the treasury shares should be considered outstanding and that the capital should be stated as $50,000 instead of $17,500, and for 1936 the surplus correspondingly reduced from $117,162.91 to $84,662.91.”
 

 The only point of difference is that instead of reducing the surplus to $84,662.91 the surplus should have remained at $117,162.91 for the reason that the 325 (323) shares are still issued and outstanding-shares, and the capital of the corporation, as conceded, has not been reduced from $50,000. If we were to accept the surplus figure contended for by appellant it would in substance represent a reduction in capital of $32,500, equal to the par value of the treasury shares which have not been retired or cancelled. In other words, appellant now wants to deduct the par value of its treasury stock from its surplus rather than from its stated capital, which is not in accordance with its books or with any timely filed claim for reduction of book value to fair value.
 

 At first blush this interpretation may seem narrow and technical, but it must be considered that the tax levied here is an excise tax and not a property tax and is for the privilege of exercising a corporate franchise. In arriving at the base upon which the tax is to be computed, it naturally follows from the wording of the statute (Section 5498, General Code) that the larger the capital the greater the tax. The remedy for this should be obvious.
 

 
 *242
 
 We are of the opinion that appellant’s treasury shares are to be considered as issued and outstanding and that the amount of appellant’s capital as determined by the Tax Commissioner is $50,000.
 

 Appellant calls our attention to the fact that Section 5328-1, General Code, in the last sentence provides that a corporation shall not be required to list its own treasury shares for taxation. If this provision were standing alone it would not need to be noted here for the reason that Section 5328-1, General Code, is concerned with the taxation of property which is entered upon the classified tax list and duplicate of taxable property or on the intangible property list, while Section 5498, General Code, is concerned with ascertaining the base upon which to compute the corporate franchise tax. However, the following provision in Section 5498, General Code, does call for comment:
 

 “In determining the amount or value of intangible property, including capital investments, owned or used in this state by either a domestic or foreign corporation the commission shall be guided by the provisions of Sections 5328-1 and 5328-2 of the General Code except that investments in the capital stock of subsidiary corporations at least fifty-one per centum of whose common stock is owned by the reporting corporation shall be allocated in and out of the state in accordance with the value of physical property in and out of the state representing such investments.”
 

 It will be noted that the foregoing provision is limited to determining the amount or value of intangible property including capital
 
 investments.
 
 If the provision were that Section 5328-1, General Code, was tó be considered in determining the amount of the corporation’s
 
 capital
 
 then clearly we would have a problem involving the reconciling of such a provision with the provisions already cited requiring a stated capital and
 
 *243
 
 providing the method of reduction thereof. Section 5328-2, General Code, has no application here.
 

 We are, therefore, of the opinion that the decision of the Board of Tax Appeals affirming the assessments for franchise tax payable by appellant for the years 1936 to 1941, both inclusive, is reasonable and lawful and should be and hereby is affirmed.
 

 Decision affirmed.
 

 Weygandt, C. J., Matthias, Hart and Bell, JJ., concur.