Lamneck, J.
In the Wrenn Paper Co. case, this court held that under Section 5498, General Code, federal securities, owned by an Ohio domestic corporation for profit, must be excluded from the tax base in determining the franchise tax imposed on such corporation.
Section 5498, General Code, explicitly provides that the franchise “fee of one-tenth of one per cent,” fixed by Section 5499, General Code, shall be levied on “the value of the issued and outstanding shares of stock * * * [and] the value of the issued and outstanding shares of stock * * * shall be deemed to be the total value * * * of its capital, surplus * * * undivided profits and reserves.”
Section 5498, General Code, provides for certain exclusions, such as reserves for depreciation, taxes due and payable and goodwill, but there is no specific provision in this section directing that federal securities shall be excluded in determining the value of the stock.
In the Wrenn Paper Co. case, this court based its exclusion finding on that part of Section 5498, General Code, which reads as follows:
“In determining the amount or value of intangible property, including capital investments, owned or used in this state by either a domestic or foreign corporation the commission [commissioner] shall be guided by the provisions of Section 5328-1 and 5328-2 of the General Code [Sections 5709.02 and 5709.03, Revised Code].” (Emphasis supplied.)
The court held that this portion of Section 5498, *172 General Code, refers to and includes that portion of Section 5328-1, General Code, which provides that ‘ ‘ all moneys, credits, investments, deposits, and other intangible property of persons residing in this state shall be subject to taxation, excepting as provided in this section or as otherwise provided or exempted in this title [Title I of the General Code].”
Title I of the General Code includes Section 5323 (Section 5701.06, Revised Code), which in defining “investments” reads in part as follows:
“* * * excepting such as have been issued (1) by the United States or any of its territories, districts, or dependencies, or (2) by any instrumentality of the federal government * * *.”
This court held in the Wrenn Paper Co. case that Sections 5323, 5328-1, 5328-2 and 5498, General Code, must be read in pari materia and, when so read, exclude federal securities from the tax base for the purpose of determining the franchise tax imposed upon corporations.
The inclusion of federal securities in the tax base set up under Section 5498, General Code, would be consistent with the provision of Section 742, Title 31, U. S. Code, that federal securities “shall be exempt from taxation by or under state or municipal or local authority,” for the reason that the tax levied, under Sections 5498 and 5499, General Code, is a franchise tax based on the value of the capital stock and is not a tax on the securities as such.
In Educational Films Corporation of America v. Ward, Atty. Genl. (1931), 282 U. S., 379, 392, 75 L. Ed., 400, 51 S. Ct., 170, 71 A. L. R., 1226, Justice Stone commented:
“Having in mind the end sought, we cannot say that the rule applied by this court for some seventy years, that a nondiscriminatory tax upon corporate franchises is valid, notwithstanding the inclusion of tax *173 exempt property or income in the measure of it, has failed of its purpose, or has worked so badly as to require a departure from it now * *
What is the import of that part of Section 5498, General Code, which provides that “in determining the amount or value of intangible property * * * owned or used in this state * * * the [commissioner] shall be guided by the provisions of Sections 5328-1 and 5328-2 of the General Code”?
In North High Realty Co. v. Evatt, Tax Commr., 143 Ohio St., 231, 242, 54 N. E. (2d), 783, 153 A. L. R., 686, Judge Turner made the following comment:
“It will be noted that the foregoing provision (5498, General Code), is limited to determining the amount or value of intangible property including capital investments. If the provision were that Section 5328-1, General Code, was to be considered in determining the amount of the corporation’s capital then clearly we would have a problem involving the reconciling of such a provision with the provisions already- cited requiring a stated capital and providing the method of reduction thereof.”
Section 5328-1, General Code, defines what property shall be entered on the classified tax list or on the intangible tax list. It provides that intangible “property of persons residing in this state -used in and arising out of business transacted outside of this state by, for or on behalf of such persons” is not subject to taxation in this state. See Ransom & Randolph Co. v. Evatt, Tax Commr., 142 Ohio St., 398, 52 N. E. (2d), 738.
Section 5328-2, General Code, fixes the rules for determining the business situs of certain classes of property within or without the state. It prescribes criteria by which intangible property of Ohio business concerns, properly attributable to business done in other states, is exempted from taxation in Ohio, and it prescribes criteria by which intangible property of foreign *174 concerns, properly attributable to business done in Ohio, is taxable in Ohio.
Section 5498, General Code, fixes the tax base in specific terms for the purpose of computing a franchise tax on a corporation whether it be foreign or domestic. The provision in this section, to the effect that in fixing the amount or value of intangibles owned or used in this state by a corporation the Tax Commissioner shall be guided by the provisions of Sections 5328-1 and 5328-2, General Code, has reference only to those provisions of these sections which fix the rules for determining the business situs of certain classes of property of both persons and corporations, whether within or without the state.
In the interpretation of a statute and in ascribing to it what appears to be the legislative intent, the statute should be given a fair and reasonable construction in conformity to its general object, in order to effectuate such object, and should not be given such an interpretation as would thwart such purpose. This court has repeatedly held that a construction, leading to absurd consequences, will, be deemed not intended, and language will be restricted accordingly. Kent v. Bierce, 6 Ohio, 336; State, for Use of Comrs., v. Blake, 2 Ohio St., 147; Moore v. Given, 39 Ohio St., 661; Railway v. Jump, 50 Ohio St., 651, 35 N. E., 1054; State v. Nickles, 159 Ohio St., 353, 112 N. E. (2d), 531.
Section 5495 et seq., General Code, imposing a franchise tax on domestic corporations for profit, for the privilege of exercising their franchises in this state, were enacted primarily for the purpose of raising revenue.
The General Assembly may prescribe the rules for arriving at the value of the franchise for computing the tax to be assessed thereon, but such rules must be reasonably fair and just in their operation. An arbitrary rule or standard which has no relation to the true value is invalid. The exclusion of a major por *175 tion of the assets of one corporation, in determining the value of its franchise, because of the character of some of its investments, whereas all the assets of another corporation are included because it has no such investments, would not be fair or just. See Western Union Telegraph Co. v. City of Omaha, 73 Neb., 527, 103 N. W., 84.
Application of the principle announced in the Wrenn Paper Co. case will result in absurd situations. In the instant case such application would mean that the capital accounts of each bank would have no taxable value and each would be relieved from paying any franchise tax except the minimum fee of $25. This was not the legislative intent. As stated in State, ex rel. Wilson, Solr., v. Lewis, And., 74 Ohio St., 403, 78 N. E., 523, “it is not within the judicial function to give to a statute an operation which the Legislature does not intend.”
Section 5498, General Code, has been on the statute books in its present form since July 18, 1933 (115 Ohio Laws, 589). Ever since that time and for many years prior thereto, until the decision in the Wrenn Paper Co. case on February 13, 1952, the computation of a corporation franchise tax was a comparatively simple matter. The franchise tax was levied on the value of the outstanding shares of stock and the value of the stock was based on the value of the corporation’s capital, surplus, undivided profits and reserves, without any deduction for investments of the corporation in federal securities. If a corporation did business in another state the value in and out of Ohio was allocated according to the statutory formula and the part allocated to Ohio was subjected to the Ohio tax. This court should not now give a construction to this statute which the General Assembly evidently did not intend.
This court, taking into consideration the federal exemption statutes and after carefully analyzing the cor *176 poration franchise tax laws of the state as contained in Section 5495 et seq., General Code, and related sections, in connection with the legislative intent, is now of the opinion that the judgment of this court in the Wrenn Paper Co. case is contrary to the intent, purpose and the provisions of the corporation franchise tax statutes and should be overruled.
The decision of the Board of Tax Appeals is reversed, and the various causes covered by this appeal are remanded to the Tax Commissioner for further proceedings in accordance with this opinion.

Decision reversed.

Weygandt, C. J., Middleton, Taet and Zimmerman, JJ., concur.
Hart, J., dissents.