Zimmerman, J.
 

 In the consolidated returns filed for the year 1939, the taxpayer listed as Ohio taxable credits the sum of $4,745,938, with no claim for any deduction; and in the return filed for the year 1940, $6,104,690 was listed, with no claim for deduction. Taxes were paid computed on such valuations.
 

 (In the stipulation of facts submitted to the Board of Tax Appeals it was agreed, provided the same were determined to be relevant and material, that if a foreign situs were .accorded the accounts receivable of the Procter & Gamble Distributing Company’s district offices outside Ohio, the Ohio taxable credits actually would be $4,467,026 for the year 1939 and $5,632,398 for the year 1940.)
 

 After an audit, the commissioner resolved, under his interpretation of the controlling statutes, that the Ohio taxable credits were $11,336,970 for the year 1939, and $14,161,253 for the year 1940, and assessed taxes on such basis. Thereupon, appeals as indicated were, taken by The Procter & Gamble Company to the Board of Tax Appeals, resulting in a .modification fixing the amounts taxable in accordance with the listings of the taxpayer in its returns.
 

 Section 5328-1, General Code, provides:
 

 “* * * Property of the kinds and classes mentioned in Section 5328-2, of the General Code, * * * and all such property of persons residing in this state used in and arising out of business transacted outside of this state, by, for or on behalf of such persons, * * * shall .not be subject, to taxation. * * *”
 

 Section. 5328-2, .General Code, recites:
 

 
 *371
 
 “Property of the kinds and classes herein mentioned, when used in business, shall be considered to arise out of business transacted in a state other than that in which the owner thereof resides in the cases and under the\ circumstances following:
 

 “In the case of accounts receivable, when resulting from the sale of property sold by an agent having an office in such other state or from a stock of goods maintained therein, or from services performed by an officer, agent or employee connected with, sent from, or reporting to any officer or at any office located in such other state. * * *
 

 “The provisions of this section shall be reciprocally applied, to the end that all property of the kinds and classes mentioned in this section having a business situs in this state shall be taxed herein and no property of such kinds and classes belonging to a person residing in this state and having a business situs outside of this state shall be taxed. * * *.”
 

 Section 5325-1, General Code, reads in part: •
 

 “Within the meaning of the term ‘used in business,’ occurring in this title * * * moneys, deposits, investments, accounts receivable and prepaid items, and other taxable intangibles shall be considered to be ‘used’ when they or the avails thereof are being applied, or are' intended to be applied in the conduct of the busines.s, whether in this state or elsewhere.”
 

 The pertinent portions of the. stipulation of facts which was before the Board of Tax Appeals may be summarized as follows:
 

 Each of the appellee’s district offices outside Ohio is in charge of a district manager who performs all administrative duties connected with the office. He supervises the selling and delivery of merchandise and makes collection therefor. He employs and discharges the employees connected with his office, and they are responsible to him. '
 

 
 *372
 
 The district offices deposit the checks and money received in payment on their accounts receivable, in bank accounts in the district office cities. District managers have authority to accept drafts on the local bank accounts comprising such deposits, and apply these deposits in payment of the needs of their offices, includ- • ing-wages and salaries of employees, rent, warehouse and trucking charges, etc. All expenses of the district offices are paid by the district managers or under their direction. Checks covering such expenses are drawn on the local banks where the district offices are located, and are then forwarded to Cincinnati to be signed by the company treasurer. After being signed, the checks are sent to the payees.
 

 Deposits in the local banks are not withdrawn to Ohio until the expenses and needs of the district office are first satisfied.
 

 The Tax Commissioner takes the position that since Section 5328-1, General Code, requires that all credits of an Ohio resident shall be subject to taxation in Ohio unless they come within the exception in such section, to wit, that they are used in business in some other state and arise out of a business conducted in such other state by, for or on behalf of the Ohio owner, and since it appears here that the credits in question are not so used, but are used rather by the Ohio resident in the conduct of its manufacturing and vending operations, wherever occurring, the taxpayer has failed to bring itself within the exception provided by Section 5328-1, General Code. In other words, the accounts receivable and the avails thereof cannbt properly be said to be used in any separate business outside of Ohio.
 

 ' In its journalized decision, the Board of Tax Appeals said:
 

 * *
 
 *
 
 “Looking at the pertinent provision of Sections 5328-1 and 5328-2, General Code, in the light of
 
 *373
 
 the definitive provisions of Section 5325-1, General Code, above noted, we are of the opinion that the accounts receivable here in question were used in and arose out of business transacted outside of the state and are not subject to taxation in this state. * * *”
 

 This court may not reverse a decision of the Board of Tax Appeals unless it finds the same unreasonable or unlawful. Taking into account the cited statutes, together with the stipulation of facts, support is given the determination of the Board of Tax Appeals that the accounts receivable and the avails thereof, that is, the proceeds realized from their collection, are attributable to the district offices outside of Ohio, and are used by such offices in the conduct of their respective activities. Consequently, we would not be warranted in holding that the decisions of the Board of Tax Appeals in this respect are unreasonable or unlawful, and they are affirmed. Therefore, judgments are entered accordingly.
 

 tJudgments accordingly.
 

 Weygandt, C. J., Matthias, Hart, Bell, Williams and Turner, JJ., concur.