Matthias, J.
 

 The precise question presented is whether the decision of the Board of Tax Appeals was unreasonable or unlawful wherein it held that all business done by the appellant was Ohio business and that all of appellant’s accounts receivable should be given an Ohio situs.
 

 The method of computing the franchise tax of an Ohio corporation is set forth in Section 5498, General-Code. The computation involves a determination of the amount and value of business done by the corporation in Ohio as compared with the total amount and value of business done by the corporation and also the fair value of the property owned or used by the corporation in Ohio as compared with the fair value of all its property wheresoever situated.
 

 A detailed application of the method prescribed is fully set forth in the case of
 
 Cliffs Corp.
 
 v.
 
 Evatt, Tax Commr.,
 
 138 Ohio St., 336, 35 N. E. (2d), 144.
 

 The facts ■ involved in a consideration of the question whether the business of appellant during the years in question was done in Ohio may be concisely stated.
 

 The Baldwin Company disposed of all the pianos it manufactured to or through another corporation, The Baldwin Piano Company, which will hereinafter be referred to as the piano company. All the stock of
 
 *289
 
 the piano company was owned by the appellant, excepting five shares owned by directors of the piano company for voting purposes.
 

 The piano company also had its principal office in Cincinnati, Ohio, but was qualified and authorized to do business in at least 40 other states. It maintained at least 10 divisional offices and stbres in various states, each of which was in charge of a local manager»
 

 In addition to these divisional offices the piano company maintained dealers in various cities. Generally, orders for pianos desired by the divisional offices were sent therefrom direct to The Baldwin Company. In some instances, however, dealers secured pianos from a divisional office and in other instances dealers would communicate with the piano company and the pianos ordered by them would be shipped by The Baldwin Company to such dealers pursuant to a consignment contract under which title remained in the piano company.
 

 The record justifies the finding by the Board of Tax Appeals that The Baldwin Company, in its accounting system, carried a charge against the piano company for all pianos, wherever delivered, at a price denominated the “production cost” or “standard? factory cost.” Counsel for appellee refer to such item of account as an “inter-company account.”
 

 The purchasers of the pianos were the customers of the piano company, some sales being for cash while other transactions were on a deferred-payment basis. In the latter instances it was stipulated that the title remain in the piano company until the purchase price was paid.
 

 It is well settled by the decisions of this court that in computing corporation franchise taxes of an Ohio manufacturing company, such company is to be considered as doing business in Ohio to the full extent of its sales except insofar as sales are made from its
 
 *290
 
 warehouses in other states and by reason of such fact fall within the exempting provisions of Tax Commissioner’s rule 275. See
 
 International Harvester Co.
 
 v.
 
 Evatt, Tax Commr.,
 
 146 Ohio St., 58, 64 N. E. (2d), 53, and cases there cited.
 

 Concededly The Baldwin Company is authorized to do business outside of Ohio in only the state of Illinois. There is no basis for the theory that sales of pianos were made from warehouses operated by the appellant in other states. Clearly appellant may not avail itself of the benefits of the exemption provisions contained in rule 275 which provides, in part, as follows:
 

 “In the case of manufacturing companies, all sales of goods manufactured in Ohio, wherever sold, shall be considered as Ohio sales,
 
 except sales of such products as are sold from warehouses outside of this state.”
 
 (Emphasis supplied.)
 

 As stated in
 
 Aluminum Co. of America
 
 v.
 
 Evatt, Tax Commr.,
 
 140 Ohio St., 385, at page 406, 45 N. E. (2d), 118:
 

 “If Ohio-manufactured goods are shipped to a warehouse in another state where the sale thereof would constitute doing business within such state, the commissioner’s rule eliminates the value of such goods from consideration. There is, therefore, no opportunity for double taxation, as goods which do not come to rest before sale do not lose their character of interstate business in the state of delivery.”
 

 As hereinbefore observed, appellant has no warehouse and maintains no stock of pianos in any state, other than Ohio, from which it made any sales or deliveries of its product. It must be concluded that if sales were made from warehouses in other states, or from a stock there maintained, they were made by the piano company, or its dealers, and not by The Baldwin Company. The Board of Tax Appeals, therefore, correctly found that all of the business done by
 
 *291
 
 the appellant, which is involved in these proceedings, was done in Ohio.
 

 Whether the Board of Tax Appeals was in error in holding that appellant’s accounts receivable should be given an Ohio situs is the further question presented. In view of the conceded facts, the Board of Tax Appeals was correct in its conclusion that charges made by The Baldwin Company against the piano company, whether denominated “standard factory cost” or “production cost” or whether entered in the •books of The Baldwin Company in an “inter-company account,” were made against the piano company for pianos delivered by The Baldwin Company whether directly to the piano company or to the customers or dealers of the piano company.
 

 The Baldwin Company contends that its transactions did not constitute sales with the resulting accounts receivable but instead were mere deliveries to an agent, and that the charges, hereinbefore referred to, were, therefore, mere records of such deliveries. The record shows that in some instances of sales of pianos on credit the piano company turned over to The Baldwin Company the paper received after guaranteeing its payment. The record shows also that The Baldwin Company did withdraw funds from various accounts of the piano company and credited these withdrawals and the paper above mentioned against the “inter-company account,” and further that these withdrawals sometimes exceeded the amount previously charged for pianos delivered. The record, however, does not warrant the conclusion that the relationship constituted a
 
 del credere
 
 agency. It seems clear that these transactions did create a debtor-creditor relationship, and the record fully supports the findings of the Tax Commissioner and the Board of Tax Appeals' that the items carried as an “inter-company account” constituted accounts receivable owned and used by the appellant in Ohio.
 

 
 *292
 
 The decisions of this court in the cases of
 
 Ransom & Randolph Co.
 
 v.
 
 Evatt, Tax Commr.,
 
 142 Ohio St., 398, 52 N. E. (2d), 738,
 
 Procter & Gamble Co.
 
 v.
 
 Evatt, Tax Commr.,
 
 142 Ohio St., 369, 52 N. E. (2d), 517, and
 
 Haverfield Co.
 
 v.
 
 Evatt, Tax Commr.,
 
 143 Ohio St., 58, 54 N. E. (2d), 149, wherein it is held that accounts receivable arising from business transacted outside this state and in states wherein the'manufacturing or producing company involved was qualified and authorized to do business, have no application here, for obviously such accounts receivable had a business situs outside Ohio and hence were not taxable in Ohio. It must be kept in mind, too, that the determination of the franchise tax of the appellant alone is. involved in this proceeding. Se.e, also,
 
 International Harvester Co.
 
 v.
 
 Evatt, Tax Commr., supra.
 

 Under the facts disclosed by the record, for the purpose of determining the franchise tax owing by appellant, The Baldwin Company and the piano company must be regarded and treated as separate entities. It follows that the decision of the Board of Tax Appeals, was neither unreasonable nor unlawful and is therefore affirmed.
 

 Decision affirmed.
 

 Weygandt, C. J., Turner, Hart, Zimmerman and Bell, JJ., concur.
 

 Sohngen, J., not participating.