Hart, J.
 

 The question for determination by this court is the amount of the franchise tax to be assessed against the taxpayer, as a domestic corporation, for the privilege of doing business in this state. Under the statutory formula provided for the determination of such tax or fee (Section 5498, General Code), the amount of the tax is influenced by the proportions of the fair value of the corporate property owned and used in Ohio by the taxpayer and the fair value of all its property wheresoever situated, and by the proportions of the value of the corporate ,business done in Ohio over a certain period and the total value of the business done during the same period wherever transacted.
 

 It is the contention of the Tax Commissioner that the general common-law rule that all intangibles and especially cash or bank deposits of a general nature have a tax situs at the owner’s domicile
 
 (“mobilia se
 
 
 *445
 

 qimtur personam”)
 
 is applicable. Many cases can be cited in support of that rule. The commissioner cites in support of his position, among others, the case of
 
 Cleveland & Western Coal Co.
 
 v.
 
 O’Brien, Treas.,
 
 98 Ohio St., 14, 120 N. E., 214, which holds that the tax situs of a bank deposit is the residence of the owner, and that where the owner is a corporation its residence or domicile is in the state of organization. It should be noted that that case was decided long before our present reciprocal-taxation statutes were enacted. The commissioner concedes, however, that since the bank deposits of the taxpayer were in Michigan hanks they could have been taxed in that state as the commercial domicile of the taxpayer.
 

 In segregating its assets for the franchise tax return the taxpayer reported that all its intangible personal property had its situs outside Ohio and should be treated as used in business done outside Ohio. The taxpayer insists that the common-law rule of domiciliary situs has been modified to some extent by the statutes of tMs state.
 

 Section 5328-1, General Code, reads as follows:
 

 “All moneys, credits,, investments, deposits, and other intangible property of persons residing in this state shall be subject to taxation, excepting as provided in this section or as otherwise provided or exempted in this title * * *. Property of the kinds and classes mentioned in Section 5328-2 of the General Code, used in and arising out of business transacted in this state by, for or on behalf of a nonresident person, * * * shall be subject to taxation; and all such property of persons residing in this state used in and arising out of business transacted outside of this state by, for or on behalf of such persons, * * * shall not be subject to taxation. * * *”
 

 The term, “used in business,” in the statute last quoted, is defined by Section 5325-1, General Code, which reads as follows:
 

 
 *446
 
 “Within the meaning of the term ‘used in business,’ occurring in this title, personal property shall be considered to be ‘used’ when employed or utilized in connection with ordinary or special operations, when acquired or held as means or instruments for carrying on the business, when' kept and maintained as a part of a plant capable of operation, whether actually in operation or not, or whén stored or kept on hand as material, parts, products or merchandise * * *. Moneys, deposits, investments, accounts receivable and prepaid items, and other taxable intangibles shall be considered to be ‘used’ when they or the avails thereof are being applied, or are intended to be applied in the conduct of the business, whether in this state or elsewhere. ‘Business’ includes all enterprises of whatsoever character conducted for gain, profit or income and extends to personal service occupations.”
 

 The controlling statute in determining what prpperty shall be considered to be “used in business” transacted in a foreign state, other than that in which the owner resides, is Section 5328-2, General Code, which reads as follows:
 

 "* * * In the case of deposits (other than such as are used in business outside of such other state), when withdrawable in the course of such business by an officer or agent having an office in such other state; but deposits representing general reserves or balances of the owner thereof, maintained for the purpose of his entire business wherever transacted, shall be considered located in the state * * * under whose laws it is organized, if a corporation, by whomsoever they may be withdrawable. * * *
 

 “The provisions of this section shall be reciprocally applied, to the end that all property of the kinds and classes mentioned in this section having a business situs in this state shall be taxed herein and no property of such kinds and classes belonging tox a person
 
 *447
 
 residing in this state and having a business situs outside of this state shall be taxed. * * * ”
 

 The question then arises: How far do these statutes modify the rule of
 
 “mobilia sequntur personam” 1
 

 The Board of Tax Appeals held that the deposits or cash withdrawable by an officer having an office .in Jackson, Michigan, and used there in the business of the taxpayer, were property of the kinds and classes mentioned in Section 5328-2, General Code, and were, within the purview of Section 5328-1, General Code, used in and arose out of business transacted outside this state by and for the taxpayer. • The Board of Tax Appeals held also that the claims against closed banks in Michigan were in the nature of accounts receivable, and that the life insurance was in the nature of a prepaid item as a part of the business and was also used in and arose out of business transacted in the state of Michigan.
 

 The record shows that the taxpayer, as an Ohio corporation, is engaged in the manufacturing business in Jackson, Michigan; that all its plants and factories are located there; that deposits were made in Jackson, Michigan, and were withdrawable only by the president or by the treasurer and one of the two vice-presidents jointly, all of which officers reside in that city; that its sales agents work out of and receive their instructions from the office in that city; that all orders for merchandise are approved by the taxpayer’s office in Jackson; and that it has no warehouse or principal office outside the state of Michigan. The only moneys handled in Ohio were funds, mainly for the payments of dividends, deposited in the Cleveland Trust Company and paid out to shareholders through that institution.
 

 Under the facts, this court' is of the opinion that the Board of Tax Appeals reached the proper determination in its decision, and that the fixing of the tax situs
 
 *448
 
 by the board is supported by the authorities.
 
 Ransom & Randolph Co.
 
 v.
 
 Evatt, Tax Commr.,
 
 142 Ohio St., 398, 52 N. E. (2d), 738;
 
 Haverfield Co.
 
 v.
 
 Evatt, Tax Commr.,
 
 143 Ohio St., 58, 54 N. E. (2d), 149;
 
 Procter & Gamble Co.
 
 v.
 
 Evatt, Tax Commr.,
 
 142 Ohio St., 369, 52 N. E. (2d), 517;
 
 Bristol
 
 v.
 
 Washington County,
 
 177 U. S., 133, 141, 44 L. Ed., 701, 20 S. Ct., 585.
 

 The decision of the Board of Tax Appeals should be and is hereby affirmed.
 

 Decision affirmed.
 

 Weygandt, C. J., Turner, Matthias, Zimmerman, Sohngen and Stewart, JJ., concur.