Weygandt, C. J.
The sole question now before the court was stated to the Board of Tax Appeals by counsel for the appellant in the following clear and helpful manner:
“The question involves the intangible tax of the Hoover Company for the year 1950. The sole question is the question of the taxation of accounts receivable. The Hoover Company’s return was made on the basis of the single-test rule laid down by the Supreme Court decision in the case of Ransom & Randolph Co. v. Evatt, Tax Commr., 142 Ohio State, 398, wherein Section 5328-2 was interpreted to require only that accounts receivables, to be eliminated from taxation in Ohio, should arise from business transacted outside the state of Ohio and should be used in the general business of the corporation, whether in Ohio or elsewhere. ’ ’
Counsel agree that this question involves the validity of Rule 224, promulgated by the Tax Commissioner June 27, 1950. In substance this is the former Rule 204 which was before the court for consideration in the Ransom & Randolph case, supra. The pertinent provision of the present rule reads:
*66 “All accounts receivable owned by Ohio residents which are used in business are taxable in Ohio, except that such accounts receivable which arise out of business transacted outside of Ohio and which are used in business transacted outside of Ohio are not taxable in Ohio.”
The facts are not in dispute. It is agreed that the appellant’s accounts receivable here involved “arise out of business transacted outside of Ohio.” In this respect they meet the requirement of the Tax Commissioner ’s rule. It is agreed, too, that these accounts receivable are not “used in business transacted outside of Ohio.” In this respect they do not meet the requirement of the rule.
Furthermore, it is agreed that in the Ransom & Randolph case, supra, this court held the rule in conflict with the provisions of Section 5328-1, G-eneral Code, and hence invalid as to the requirement that the accounts receivable must be used in business transacted outside Ohio.
The Tax Commissioner seeks to justify his retention of this part of the rule by asserting that the decision of this court was overruled in the later case of Wheeling Steel Corp. v. Glander, Tax Commr., 337 U. S., 562, 93 L. Ed., 1544, 69 S. Ct., 1291, reversing the judgment announced in National Distillers Products Corp. v. Glander, Tax Commr., 150 Ohio St., 229, 80 N. E. (2d), 863.
In commenting on this contention, the dissenting member of the Board of Tax Appeals said:
“I believe that this board should not undertake to approve a rule of the Tax Commissioner which, in effect, overrules the decision of the Supreme Court of Ohio as enunciated in the case of Ransom & Randolph Co. v. Evatt, 142 Ohio State Reports at page 398. The Ohio Supreme Court has not intimated that the decision of the Supreme Court of Ohio [United States] in *67 the case of Wheeling Steel Corporation v. Glander, 337 U. S., 562 (a foreign corporation), has in any way changed thé views expressed in Ransom & Randolph (a domestic corporation).”
In this view this court concurs. The Wheeling Steel Corporation case involved foreign corporations. The Ransom & Randolph case involved an Ohio corporation. The instant question likewise relates to an Ohio corporation — a problem not before the' federal Supreme Court in the Wheeling Steel Corporation case. Hence, it obviously would have been obiter dictum for that court to volunteer an opinion on a question not in that controversy.
The controlling statutes have not been amended, and this court finds no persuasive reason for abandoning the views expressed in the Ransom & Randolph case.
The decision of the Board of Tax Appeals is reversed and the questioned part of Eule 224 is held invalid.

Decision reversed.

Middleton, Matthias, Hart, Zimmerman and Stewart, JJ., concur.